IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GREGORY C. MORSE | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOMECOMINGS FINANCIAL, L.L.C. | ) | |
| GMAC MORTGAGE CORPORATION, | ) | CIVIL ACTION NO.: 4:12-CV-375 |
| LLC, GMAC BANK (NOW ALLY | ) | |
| BANK), MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., | ) | |
| MERSCORP, INC., FEDERAL | ) | |
| NATIONAL MORTGAGE ASSN. AND | ) | |
| COMMONWEALTH LAND TITLE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
|    Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LEGAL AUTHORITY

**COME NOW** defendants Homecomings Financial, LLC ("Homecomings"), GMAC Mortgage, LLC ("GMAC"), Ally Bank ("Ally"), Mortgage Electronic Registration Systems, Inc. ("MERS"), MERSCORP, Inc., and Federal National Mortgage Association ("Fannie Mae"), collectively the "Defendants"), and move to dismiss all of Plaintiff's claims pursuant to Rule 12(b)(6).[1] In support thereof, Defendants state as follows:

---

[1] Homecomings and GMACM filed a Notice of Bankruptcy Filing and Supplemental Servicing Order on September 10, 2012. As detailed in the Notice, on May 14, 2012, Residential Capital, LLC and certain of its direct and indirect subsidiaries (collectively, the "Debtors"), including Homecomings and GMACM, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408. The Debtors' Chapter 11 cases are being jointly administered and are indexed at case number 12-12020 (MG). As a result of the

1

## I.     INTRODUCTION

This lawsuit arises out of a mortgage loan that Plaintiff obtained in 2008. It is Plaintiff's second lawsuit[2] against these Defendants (and other named defendants) wherein he requests declaratory relief to quit title to the property while also asserting claims for fraud, breach of contract, and violations of the Texas Business and Commerce Code – Texas Deceptive Trade Practices Act, the Texas Finance Code – Mortgage Broker License Act and Mortgage Banker Registration and Residential Mortgage Loan Originator License Act, and the Federal Racketeer Influenced and Corrupt Organization Act.[3] (See Amended Petition, at ¶¶ 163-75). Plaintiff's claims arise out of his speculation that one or more of the settlement costs which were paid at the

---

Bankruptcy Filing, the protections of the automatic stay codified in Section 362(a) of the Bankruptcy Code arose with regard to the Debtors.

As stated in the Notice, Plaintiff's declaratory judgment claim, to the extent it is an attack on the validity of the lien, is a "Permitted Claim" against Homecomings and GMAC that may proceed before this Court. Plaintiff's other claims, including claims for fraud, breach of contract, violations of the Rackering Influence and Corrupt Organizations Act, violations of the Texas Mortgage Broker License Act, violations of the Texas Mortgage Banker Registration and Residential Mortgage Loan Originator License Act and his request for an accounting are not Permitted Claims against Homecomings and GMACM, they remain subject to the automatic stay, and the continued prosecution of these claims is prohibited. Additionally, any claims for monetary relief against Homecomings and GMACM -- including claims for damages or requests for attorneys' fees and costs -- are not Permitted Claims and are stayed.

Thus, as to GMACM and Homecomings, these Defendants are moving to dismiss only as to the declaratory judgment claim.

[2] Plaintiff's previous lawsuit was filed in the Eastern District of Texas as Cause No. 4:11-CV-230. On March 23, 2012, The Honorable Don D. Bush entered a Final Judgment in Cause No. 4:11-CV-230 dismissing Plaintiff's federal question claims with prejudice and declining to exercise supplemental jurisdiction over the Plaintiff's state law claims. On May 18, 2012, Plaintiff filed this lawsuit in the District Court for the 199th Judicial District of Collin County, Texas (Cause No. DC-199-01915-2012). Defendants removed the matter to this Court on June 20, 2012. Although the Plaintiff is asserting different causes of action against the Defendants in this action, the premise and alleged factual basis for his claims remains the same, which is that payments contained in his HUD-1 Statement may not have been made to the payees, as designated.

2

loan closing were somehow calculated incorrectly or misapplied, which allegedly results in a cloud on Plaintiff's title. All of Plaintiff's claims should be dismissed as a matter of law because (1) the claims that he has asserted have been rejected by the courts of this State and therefore have no legal basis and (2) Plaintiff's claims do not meet the pleading standard set forth in the Federal Rules of Civil Procedure or as required by Iqbal or Twombly.

## II. FACTUAL BACKGROUND

1. On March 3, 2008, Plaintiff took out a mortgage loan in the amount of $414,500.00 (the "Loan"), which was secured by a Deed of Trust on property located at 223 High Point Drive, Plano, Texas 75094 (the "Property"). (See Note, attached hereto as Ex. A; Deed of Trust, attached hereto as Ex. B).[4]

2. The original lender was Homecomings. (See Note, ¶ 1). The Note is indorsed in blank. (See id., p. 3).

3. The Deed of Trust provides that MERS is the "nominee for Lender and Lender's successors and assigns" and "MERS is the beneficiary under this Security Instrument . . . and the successors and assigns of MERS." (See Deed of Trust, ¶ E).

4. The Deed of Trust also provides that MERS "hold[s] only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with the law or custom, MERS (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property." (See id. at ¶ R).

---

[4] Because the Note and Deed of Trust and other documents attached hereto are referenced in Plaintiff's Complaint and/or are integral to Plaintiff's claims, the Court can consider them in ruling on this motion. See, e.g., Lechner v. Citimortgage, Inc., No. 4:09-CV-302-Y, 2009 WL 2356142, at *4 n.1 (N.D. Tex. Jul. 29, 2009) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)); Bailey v. CIGNA Ins. Co., 87 Fed. Appx. 347, 348 (5th Cir. 2004); Kelley v. KIMC Investments, Inc., No. 3:10-CV-2384-L, 2012 WL 639283, at * 1 (N.D. Tex. Feb. 28, 2012).

5. GMAC is the mortgage servicer on the loan. (See Amended Petition, ¶ 8).

6. At the loan closing, Plaintiff received and executed a variety of documents and disclosures, including a Settlement Statement. (See HUD-1 Settlement Statement, attached hereto as Exhibit C). The proceeds of the Note were used to pay off two then-existing liens that Plaintiff had on the Property. (See Amended Petition, ¶¶ 31, 35; see also Releases of Liens, attached hereto as Exhibit D).

7. At the loan closing, the funds were also used to pay for a "lender's" title insurance policy for the benefit of Homecomings. (See Lender's Policy, attached hereto as Exhibit E).

8. Plaintiff made his last mortgage payment in March 2011, which was on or around the date he filed his previous lawsuit in Cause No. 4:11-CV-230.

9. Although Plaintiff is in clear default on his note and mortgage, the Property remains in the possession of Plaintiff and has not been sold at a foreclosure sale. (See id., at ¶ 36).

## III. LEGAL STANDARD

It is well-established that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant has "fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-55 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-51 (2009). A complaint should be dismissed if it lacks a cognizable legal theory or sufficient facts alleged under a cognizable legal theory. Peter v. Fisher, 2009 WL 1065358, at *1 (N.D. Tex Jun. 8, 2009) (citing cases); Overton v. JPMC Chase Bank, 2010 WL 1141417, at *1 (S.D. Tex. Mar. 20, 2010). In practice, "a complaint…must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 550 U.S. at 562. "A formulaic recitation of a cause of action's elements will not do." Id. at 555; see also

Iqbal, 129 S. Ct. at 1949-50; Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

## IV. ARGUMENTS

### A. Plaintiff Fails to State a Plausible Claim For Quiet Title

Plaintiff fails to state a plausible claim for a suit to quit title through is his request for declaratory relief. Plaintiff seeks a declaration of the following: (1) "he does not currently have clear title"; (2) "there was not a lender at the closing"; (3) "the lender was not Homecomings Financial"; (4) "no entity had a right to transfer an interest to Fannie Mae"; (5) "there is not a lien on the property . . . . "; (6) "what entities, if any, have any interest in Plaintiff's mortgage"; and (7) "what entitites, if any, have an interest in Plaintiff's property. (See Amended Petition, at ¶ 162). (See id. at p. 8). "The elements of the claim for relief to quiet title are (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." Henderson v. Wells Fargo Home Mortgage, No. H-11-4294, 2012 WL 718605, at *5 (S.D. Tex. Mar. 5, 2012); Bell v. Bank of America Home Loan Servicing, No. 4:11-cv-02085, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) (citing U.S. Nat'l Bank Ass'n v. Johnson, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App. – Houston [1st Dist.] Dec. 30, 2011)).

"To quiet title in his favor, the plaintiff 'must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference.'" Bell, 2012 WL 586755, at *7 (citing Wells v. BAC Home Loans Servicing, L.P., No. W-10-CA-00350, 2011 WL 2163987, at *4 (W.D. Tex. Apr. 26, 2011) (quoting Wright v. Matthews, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied)); Anderson v. Nat'l City Mortgage, No. 3:11-CV-1687-N, 2012 WL 612562, at *6 (N.D. Tex. Jan. 17, 2012). "A plaintiff in a suit to quiet title must prove and recover on the strength of

5

his own title, not the weakness of his adversary's title." Bell, 2012 WL 586755, at *7 (citing cases); Swim v. Bank of America, N.A., No. 3:11-CV-1240-M, 2012 WL 170758, at *8 (N.D. Tex. Jan. 20, 2012). Plaintiff fails to sufficiently allege that he has a superior right of ownership in the Property. In fact, Plaintiff does not dispute that he took out a mortgage loan, secured by a Deed of Trust, on the subject Property. Plaintiff has not alleged any facts (and cannot) that the loan or Deed of Trust securing the loan are invalid. Accordingly, Plaintiff's request for declaratory judgment challenging the validity of the lien and his underlying suit to quiet title fails and should be dismissed as a matter of law as to all the Defendants filing this Motion.

### 1. Plaintiff's Underlying Attack On MERS Lacks Merit

Plaintiff's underlying attack[5] on MERS is also without merit. (See Amended Petition, ¶¶ 85-160). Plaintiff's underlying argument is directly contrary to applicable law. State and federal courts in Texas have consistently held that MERS has the authority to transfer the rights and interests in a deed of trust. See, e.g., Athey v. MERS, 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010); Wiggington v. Bank of New York Mellon, 2011, WL 2669071, at *3 (N.D. Tex. July 7, 2011); Defranceschi v. Wells Fargo Bank, N.A., 2011 WL 3875338 at *4 (N.D. Tex. Aug. 31, 2011); Richardson v. CitiMortgage, Inc., 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010); Santarose v. Aurora Bank FSB, 2010 W L 2232819, at *5 (W.D. Tex. June 2, 2010). Where "MERS is a beneficiary and nominee for both the originating lender and its successors and assigns by the express language in the Deed of Trust, the situation falls within an exception to the general rule that a party holding only the deed of trust cannot enforce the mortgage." Eskridge v. Federal Home Loan Mortgage Corp., 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011).

---

[5] It should be noted that Plaintiff refers to "exhibits" at least 57 times in his Amended Petition, but fails to attach to his Amended Petition any such exhibits.

6

In this case, the Deed of Trust provides that MERS is the "nominee for Lender and Lender's successors and assigns." (See Deed of Trust, ¶ E). MERS and the successors and assigns of MERS are defined as the Beneficiary. (See id.). The Deed of Trust also provides that MERS "hold[s] only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with the law or custom, MERS (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property." (See id. at ¶ R). Accordingly, Plaintiff's claims surrounding the legitimacy of MERS should be dismissed as a matter of law.

### 2. Plaintiff's Split the Note Theory Has Been Repeatedly Rejected by Texas Courts

Similarly, Plaintiff's argument that the Deed of Trust is unsecured because it was "split and separated" from the Note is without legal basis. (See Amended Complaint, at ¶ 128). Plaintiff's "split the note" argument has been repeatedly rejected by the courts of this State. See e.g., Wiggington, 2011 WL 2669071 at *2; McAllister v. BAC Home Loans Servicing, LP, 2011 WL 2200672, at *6 (E.D. Tex. Apr. 28, 2011), adopted by 2011 WL 2183844 (E.D. Tex. 2011); Broyles v. Chase Home Finance, 2011 WL 1428904, *3 (N.D. Tex. Apr. 13, 2011); Eskridge, 2011 WL 2163989, at *5 (plaintiff's allegations that because the note and deed of trust were split she had superior title to the property were "without merit because MERS was given the authority to transfer the documents in the Deed of Trust."). Indeed, and as a matter of law, "a transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions." DeFranchesci, 2011 WL 3875338 at *4. Accordingly, Plaintiff's "split the note" argument should be dismissed as a matter of law.

Not only has the "split the note" argument been soundly rejected, but Plaintiff, as a third party to the MERS assignment he is attacking, has no standing to attack the assignment. It is

7

well settled, that, as a matter of law, borrowers do not have standing to attack the validity of assignments of mortgage, documents to which they are not a party. Eskridge, 2011 WL 2163989 at *5. Plaintiff's lack of standing in this regard, is another basis for dismissing Plaintiff's claim.

**B.** **Plaintiff Has Not Pled His Fraud Allegations With Sufficient Particularity**

Plaintiff's fraud claim has no substance and was insufficiently pled. (See Amended Petition, at ¶¶ 163-167Rule 9(b) of the Federal Rules of Civil Procedure provides that when a party alleges fraud, there is a heightened pleading standard that the "party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); City of Clinton v. Pilgrim's Pride Corp., 2010 WL 5162041, at *3 (5th Cir. Dec. 21, 2010). To be sufficient, a fraud claim must lay out the "who, what, when, where, and how" of the events constituting fraud. Benchmark Elec., Inc. v. J.M. Huber Corp., 343 F.3d 719, 724 (5th Cir. 2003). Under Texas law the elements of a fraud allegation are: (1) that a material misrepresentation was made, (2) that the representation was false, (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion, (4) the speaker made the representation with the intent that the other party should act upon it, (5) the party acted in reliance on the representation, and (6) the party thereby suffered injury. Cole v. Sandel Medical Industries, LLC, 2011 WL 116402, at *3 (5th Cir. Jan. 12, 2011) (citing Aquaplex, Inc. v. Rancho La Valencia, Inc., 297 S.W.3d 768, 774 (Tex. 2009)).

The 4-paragraphs of Plaintiff's fraud count contain nothing more than a bare-bones recitation of the elements of a fraud claim with no substance or specifics of *what* false representations were made, *who* made such representations, *to whom* they were made, *when such* statements were made, *how* there was knowledge or reckless disregard of any falsity, *how*

8

***Plaintiff relied*** on such a representation or ***what*** damages were suffered. (See id.). Plaintiff cannot survive dismissal with such generic, non-specific allegations. See Iqbal, 129 S. Ct. at 1949 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not accepted as true); Murungi v. Texas Guaranteed, 2010 WL 3736227, at *2 (5th Cir. Sept. 16, 2010) (affirming 12(b)(6) dismissal of fraud claim that had "no factual heft" and fell short of laying out the "who, what, when, where, and how" of the events constituting fraud); City of Clinton, 2010 WL 5162041, at *3-4 (affirming dismissal of fraud claim that pled only vague and attenuated statements); Dupree v. EMC Mortg. Corp., 2011 WL 147683, at *3 (E.D. Tex. Jan. 7, 2011) (dismissing fraud claim because the complaint did not identify any misrepresentations made by the defendant to the plaintiff). It is apparent that Plaintiff's fraud claim falls far short of the federal pleading requirement under Rule 9(b) and should be dismissed.

Moreover, Plaintiff should not be allowed to amend his Amended Complaint. Plaintiff has already amended his complaint once. Additionally, this is Plaintiff's second lawsuit over essentially the same alleged facts. Plaintiff's suit is one of delay and, given that Plaintiff has not paid on his mortgage loan for over a year; allowing Plaintiff to amend his complaint a second time would only delay the rightful resolution of this matter and would be prejudicial to the Defendants.

### 1. Plaintiff Fails To State A Plausible DTPA Claim

As part of his fraud claim, Plaintiff includes an allegation that Defendant's violated the DTPA. (See Amended Petition, at ¶ 165). To prevail on a DTPA claim Plaintiff must show: (1) the plaintiff is a consumer; (2) the defendant can be sued under the DTPA; (3) the defendant violated a specific provision of the DTPA; and (4) the defendant's violation is a producing cause of the plaintiff's damages. See Tex. Bus. & Com.Code Ann. §§ 17.41–17.63; Amstadt v. U.S.

9

Brass Corp., 919 S.W.2d 644, 649 (Tex. 1996). To qualify as a consumer, a plaintiff must (1) seek or acquire goods or services and (2) the goods or services purchased or leased must form the basis of the complaint. Modelist v. Deutsche Bank Nat. Trust Co., 2006 WL 2792196, *7 (S.D. Tex. Aug. 25, 2006) (citing Sherman Simon Enters., Inc. v. Lorac Serv. Corp., 724 S.W.2d 13, 14 (Tex. 1987)). In evaluating whether Plaintiff is a consumer, the Court must look to the object of the transaction. TEX. BUS. & COM.CODE ANN. § 17.45; La Sara Grain Co. v. First Nat'l Bank of Mercedes, 673 S.W.2d 558, 567 (Tex. 1984). A person whose objective is merely to borrow money is not a consumer because the lending of money does not involve either the purchase or lease of a good or service. Riverside Nat'l Bank v. Lewis, 603, S.W.2d 169, 173 (Tex. 1980).

Here, Plaintiff's claim arises out of mortgage loans and do not involve the purchase or lease of either goods or services. Plaintiff did not and does not even allege that he sought to purchase or lease any goods or services from Defendants. Therefore, the law is clear that Plaintiff is not a "consumer" for purposes of the DTPA, and thus cannot pursue a claim for an alleged DTPA violation. See Henry v. CitiMortgage, Inc., 2011 WL 2261166, at *6 (E.D. Tex. May 10, 2011) (dismissing the plaintiff's DTPA claims because they "ar[o]se out of a loan and do not involve the purchase or lease of either goods or services"); see also Brimer v. Chase Bank, USA, N.A., 2011 WL 4715173, *9-10 (N.D. Tex. Sep. 22, 2011); Marquez v. Fed. Nat'l Mortg. Assoc., 2011 WL 3714623, at *5 (N.D. Tex. Aug. 23, 2011); Ayers v. Aurora Loan Servs., LLC, 787 F. Supp.2d 451, 455 (E.D. Tex. 2011); Mitchell v. Chase Home Finance, LLC, 2008 WL 623395, at *5 (N.D. Tex. Mar. 4, 2008). Accordingly, Plaintiff's DTPA claims should be dismissed against MERS, MERSCORP, Inc., Ally Bank, and Fannie Mae.

### 2. Defendants Are Not Liable Under Texas Business and Commerce Code Section 27.01

Also, as part of his fraud claim, Plaintiff includes an allegation that Defendants violated Texas Business and Commerce Code Section 27.01. Contrary to Plaintiff's allegation, Defendants are not liable for fraud under the Texas Business and Commerce Code Section 27.01. See Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 343 (5th Cir. 2008) (citing Burleson State Bank v. Plunkett, 27 S.W.3d, 605, 611 (Tex. App. 2000) § 27.01 of Texas Bus. & Comm. Code applies only to fraud in a real estate or stock transaction and "[a] loan transaction, even if secured by land, is not considered to come under [§ 27.01]"); Greenway Bank & Trust of Houston v. Smith, 679 S.W.2d 592, 596 (Tex. App. 1984) (§ 27.01 "makes no mention of any application . . . to a party who 'merely' loans money for the purchase of real estate."). This type of transaction is not subject to Texas Business and Commerce Code Section 27.01. Therefore, Plaintiff's claims under Texas Business and Commerce Code Section 27.01 should be dismissed as a matter of law.

### 3. Plaintiff Fails To State A Plausible RICO Claim

Plaintiff also alleges that Defendants are members of a RICO enterprise and actively engaged in a pattern of racketeering in violation of 18 U.S.C. § 1964. (See Amended Petition, ¶¶ 112, 165). Like Plaintiff's fraud claim, Plaintiff's RICO claim contains nothing more than a bare-bones recitation of the elements. "A plaintiff bringing a claim under the RICO statute must show at least the three following elements: (1) a person who engages in (2) a pattern of racketeering activity, and (3) connected to the acquisition, establishment, conduct, or control of an enterprise." Anderson v. CitiMortgage, Inc., 2011 WL 1113494, *3 (E.D. Tex. Mar. 24, 2011) (citing 18 U.S.C. § 1962; St. Germain v. Howard, 556 F.3d 261, 263 (5th Cir.2009). A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2)

amount to or pose a threat of continued criminal activity. Id. An enterprise under RICO is a group of persons or entities associating together for the common purpose of engaging in a course of conduct, and an enterprise may be a legal entity or any union or group of individuals associated in fact. Id. (citing Whelan v. Winchester Prod. Co., 319 F.3d 225, 229 (5th Cir.2003) (citing 18 U.S.C. § 1961(4)). The enterprise is not a pattern of racketeering activity, but must exist separate and apart from the pattern of racketeering activity in which it engages. Whelan, 319 F.3d at 229 (citing 18 U.S.C. § 1961(4)).

In this case, Plaintiff has failed to allege any facts showing a pattern of racketeering activity consisting of two criminal acts. Additionally, Plaintiff has failed to allege facts to establish the alleged activity of Defendants was connected to the acquisition, establishment, conduct, or control of an enterprise. See Anderson v. Citimortgage, Inc., 2011 WL 1113494, at *3-4 (E.D. Tex. Mar. 24, 2011). Accordingly, Plaintiff's RICO claim should be dismissed as a matter of law and Plaintiff's should not be afforded another opportunity to amend his claims and to delay this action.

C.    **Plaintiff's Breach of Contract Claim Should Be Dismissed As A Matter of Law**

Plaintiff goes on to assert a claim for breach of contract. Plaintiff states "there is a valid, enforceable contract," "Plaintiff performed, tendered performance of or was excused from performing his contractual obligations," "Defendant's breached the contract," and "the Defendant's breach caused Morse's injury." (See Amended Petition, ¶¶ 168-169). Again, Plaintiff does nothing more than recite the basic elements of a breach of contract claim. To prevail on a breach of contract claim, a party must show (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. Wright v. Christian & Smith, 950 S.W.2d

12

411, 412 (Tex. App. – Houston [1st Dist.] 1997) (citing Hussong v. Schwan's Sales Enters, Inc., 896 S.W.2d 320, 326 (Tex. App. – Houston [1st Dist.] 1995, no writ). Additionally, Plaintiff does not plead how the Defendants breached the Note or Deed of Trust nor does he link the alleged breach to specific damages. Thus, Plaintiff's allegations do not support a breach of contract claim as a matter of law.

Moreover, even if Plaintiff had alleged sufficient facts to constitute a breach of contract claim (which he has not), Plaintiff's claim is barred as a matter of law because Plaintiff has materially breached the contract under which he seeks to recover by failing to make payments. In this case, the only contracts that could be at issue are the Note and Deed of Trust. The Note states that, "If I do not pay the full amount of each monthly payment on the date it is due [the FIRST day of each month], I will be in default." (See Note, ¶ 6(B)). Plaintiff, however, has not performed under the contract because he has failed to make payments since March 2011 when he filed his first lawsuit. See Moe v. Option One Mortgage Corp., 2009 WL 136892, *3 (Tex. App.-Houston [14th Dist.] Jan. 20, 2009) (affirming summary judgment as to the borrowers' breach of contract claim when the borrowers failed to make mortgage payments and thus breached the contract themselves). Therefore, Plaintiff's breach of contract claim fails to meet the pleading standards, and should be dismissed as a matter of law.

D. **Plaintiff Fails To State A Plausible Claim Under Texas Mortgage Broker or Banker Provisions Of Texas Finance Code Sections § 156.001 Or 157.001 Et. Seq.**

Plaintiff also asserts that some or all of the Defendants violated the licensing requirements contained in the Texas Mortgage Broker and Banker Licensing Acts. (See Amended Petition, at ¶¶ 170-173. To that end, Plaintiff is seeking damages pursuant to Texas Finance Code Sections 156.406 and 157.027 respectively. In each instance, Plaintiff fails to establish how he has been damaged by the alleged violations. More specifically, Plaintiff does

13

not properly plead that he is an "aggrieved person" under Texas Finance Code Section 156.406(b). See Dohalick v. Moody National Bank, 2012 WL 2792453, at *3 (Tex. App. – Houston July 10, 2012) (holding mortgagee was not an aggrieved person entitled to recover damages under unlicensed). Similarly, Plaintiff fails to show any "injury" as required by Texas Finance Code Section 157.027.[6] Accordingly, Plaintiff's claims under the Texas Mortgage Broker and Banker Licensing Acts should be dismissed.

### E. Plaintiff Has No Grounds For A Request For "Accounting"

Last, Plaintiff alleges that "he is entitled to an accounting for the funds that each and/or all Defendants were associated with." (See Amended Petition, ¶¶ 174-175). Plaintiff does not explain why he is entitled to an accounting, let alone allege any facts to support his request. As has been previously established, Plaintiff does not have any viable causes of action. Consequently, Plaintiff's claim for an accounting should be dismissed.

### V. CONCLUSION

Plaintiff's Petition fails to state any viable causes of action. There is no need for this case to occupy the Court's time or for any discovery to be conducted as there is simply no merit to any of the allegations. The entirety of Plaintiff's Amended Petition appears to be based on his belief that the Defendants have not responded to or did not adequately respond to certain inquires

---

[6] For example, Plaintiff admits that the suit was not brought in response to a foreclosure action. (See Amended Petition, at ¶ 36). Instead, Plaintiff brought this action because the "certainty of Plaintiff's contract with one or more of Defendants is clouded by events as they pertain to the involvement of MERS." (Id. at ¶ 37). Plaintiff is "concern[ed] about whether other closing charges were either not paid, were paid to the wrong party, were misallocated, were fabricated or were otherwise misrepresented." (Id. at ¶ 47). "Plaintiff was concerned about having to account for the process of the closing . . . ." (Id. at ¶ 49). Plaintiff alleges that the assignments releasing prior liens on his property "may be ineffective." (Id. at ¶ 57), "The nonpayment of the appraisal fee raises questions as to whether all other such listed payments were made from funds received from Homecomings . . . ." (Id. at ¶ 66). Similarly, "Defendant's failure to explain may at least indirectly affect the title and/or the marketability of the property." (Id. at ¶ 72). "Plaintiff may not have clear title regardless of how much money he pays." (Id. at ¶ 73). "Plaintiff reasonably may expect difficulty in establishing clear title . . . ." (Id. at ¶ 79). "It is probable and likely that neither wet-ink originals of the Deed of Trust or the Promissory Note exists." (Id. at ¶ 128).

14

he made to them more than three (3) years after the loan closing about events that occurred at the closing. Those allegations, even if true, do not support causes of action for which relief can be granted. Plaintiff's Petition, therefore, should be dismissed as against these Defendants.

**WHEREFORE**, for the reasons set forth above, Defendants respectfully request that Plaintiff's Amended Petition be dismissed in its entirety with prejudice as to these Defendants. DATED this 10th day of September, 2012.

Respectfully submitted,

/s/ Preston H. Neel
Hope T. Cannon (Bar No. 24077276)
Preston H. Neel (Bar No. 24072254)
Graham W. Gerhardt (Bar No. 24075698)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
hcannon@babc.com
pneel@babc.com
ggerhardt@babc.com

ATTORNEYS FOR DEFENDANTS HOMECOMINGS FINANCIAL, LLC, GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MERSCORP, INC. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION

## **CERTIFICATE OF SERVICE**

   I hereby certify that on September 10, 2012, I filed a copy of the foregoing via the Court's electronic filing system and served the same by certified mail return receipt requested and first-class U.S. Mail, postage prepaid, to the following:

Gregory C. Morse
223 High Point Drive
Murphy, Texas 75094
PRO SE PLAINTIFF

Thad Barreneche
600 E. John W. Carpenter Freeway, Suite 125
Irving, Texas 75062
(972) 281-0452
(972) 812-9408 (fax)
Thad.barreneche@fnf.com

ATTORNEY FOR COMMONWEALTH LAND TITLE INSURANCE COMPANY

            /s/ Preston H. Neel
            OF COUNSEL