FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT - 1 2012

DAVID J. MALAND, CLERK
BY
DEPUTY

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **GREGORY C. MORSE** § | |
| § | |
| **V.** § | **CIVIL ACTION NO.  4:12-cv-375** |
| § | |
| **COMMONWEALTH LAND TITLE** § | |
| **INSURANCE COMPANY, HOMECOMINGS** § | |
| **FINANCIAL, L.L.C., HOMECOMINGS** § | **JURY REQUESTED** |
| **WHOLESALE FUNDING, GMAC** § | |
| **MORTGAGE, L.L.C., MORTGAGE** § | |
| **ELECTRONIC REGISTRATION SYSTEMS,** § | |
| **INC., ("MERS"), MERSCORP, INC.,** § | |
| **ALLY BANK (f/k/a GMAC BANK), and** § | |
| **FEDERAL NATIONAL MORTGAGE** § | |
| **ASSOCIATION** § | |

**PLAINTIFF'S REPLY TO DEFENDANTS' MOTION TO DISMISS AND SUPPORTING
MEMORANDUM OF LEGAL AUTHORITY**

Plaintiff Gregory C. Morse files this, his response to Defendants' "Motion to Dismiss and

Supporting Memorandum of Legal Authority" as follows:

## I.  INTRODUCTION AND DEFENDANTS' ASSERTIONS

Contrary to the assertions of the Defendants, the Original complaint in the instant case shows

reasonable plausibility and detail as to the matter of both fraud and RICO level fraud.  In Bell

Atlantic v. Twombly, 550 U.S. 544, 555(2007) the US Supreme Court states "*Factual*

*allegations must be enough to raise a right to relief above the speculative level, ... on the*

*assumptions that all the allegations in the complaint are true (even if doubtful in fact), ... "* The

Plaintiff asserts his claims and the details of the events giving rise to those claims as pled in the

Original Compliant in the instant case meet and exceed these standards (See Plaintiff's Exhibit

416 for the summary of Federal Code and State Statute violations committed by each Defendant).

Furthermore, because of the nature of the specific allegations pled in the Original Complaint for the instant case, the particulars can be satisfied only through further investigation or discovery, as is covered in FRCP 11(b)(3), because the full evidence is within the control of the Defendants. Because of the plausibility of the Plaintiff's pleading and the fact that many if not all of the Defendants have evidence in their possession that will prove the claims offered, Plaintiff pleads for rejection of the Defendants' motion.

Defendants submitted a defective motion by using subterfuge in eliminating one of the defendants from the case. In the stylization, Defendants willfully omitted Defendant Homecomings Wholesale Funding which Plaintiff believes is the Racketeer Influenced and Corrupt Organizations, RICO, enterprise utilized to destroy the value of the mortgage on the Plaintiff's property and damage the Plaintiff (See Paragraphs 7, 15, 81, 99, 132, 133, 135, 136, 138, 143, 146, 151 and 152 of the Original Complaint for mention of the activities of Homecomings Wholesale Funding).

In footnote #1, the Defendants contend Section 362(a) of the Bankruptcy Code portends an automatic stay from civil proceedings. In Epstein v. Epstein, S.D.N.Y. 1997, 966 F. Supp. 260 the Court concludes "...*Under federal common law, private claim under Racketeer Influenced Organizations Act (RICO) survives the demise of plaintiff or defendant; civil RICO is remedial, rather than punitive*...." As the US Supreme Court has ruled that Corporations are humans, this application of ruling of Epstein v. Epstein applies to Homecomings Financial, L.L.C. and GMAC Mortgage Corporation, L.L.C. Thus, the Plaintiff respectfully requests the Court deny the request of the Defendants for a stay. Both Defendants, GMAC Mortgage, L.L.C. and Homecomings Financial, L.L.C., independently of any actions of the Plaintiff, have listed the Plaintiff and his

lawsuit as creditors in their New York Bankruptcy case.

Defendants utilize the same flawed reasoning to request a stay as a result of Bankruptcy proceedings. The Plaintiff cites Epstein v. Epstein, where private RICO damage claims survive the demise of the defendant, and Seville Indus. Machinery Corp v. Southern Machinery Corp. D.C.N.J. 1983, 567 F. Supp. 1146, affirmed in part, reversed in part 742 F. 2nd, 786, certiorari denied 105 S. Ct. 1179, 469 U.S. 1211, 84 L. Ed. 2d. 327 which states *"Civil provisions of this chapter were not enacted for purpose of imposing federal liability for state and business fraud claims, but, rather, primary intent of Congress was to combat infiltration of organized crime into legitimate businesses operating in interstate commerce."* The Plaintiff's declaration to the Court as was confirmed in the dismissal order of Judge Bush in 4:11-CV-230, Page 198 *"Plaintiff claims that the loss of his house is a result of the failures to disclose. Having alleged transactions that already occurred, Plaintiff's claims are, therefore, ripe."* The Plaintiff submitted a prayer to this Court in his Original Complaint for relief from damages to his person and property due to State and Federal Statute violations that rise to the level of RICO fraud.

Plaintiff declares the Defendants attempt to defraud the legal system of the United States of America with a game plan of perverting the ruling of The Honorable Judge Bush in 4:11-CV-230, Page 202 where he quotes citation from Reese v. Anderson, 926 F.2d 494, 501 (5th Cir. 1991) *"since no federal claims remain against the individual defendants, we instruct the district court to dismiss the pendent state claims against those defendants as well, without prejudice to refilling those claims in state court."* Plaintiff complied with the Order of the Court in case 4:11-CV-230 and pled in state court. Defendants obtained an Order of Removal to this Federal Court. Defendants are attempting to subvert the rights of the Plaintiff to seek legal remedy. With this statement in footnote #2, Defendants are attempting to place Plaintiff into legal limbo by having

the state charges dismissed in Federal Court without prejudice and then having the case removed from State to Federal Court.

Defendants have fraudulently perverted the words of the Honorable District Magistrate Judge Bush.  In Case 4:11-CV-230, Pages 198-199 Judge Bush ruled *"Plaintiff claims that the loss of his house is a result of the failures to disclose. Having alleged transactions that already occurred, Plaintiff's claims are, therefore, ripe. As such, the court declines to dismiss Plaintiff's claims based on a lack of standing or ripeness."* Furthermore, Judge Bush states on Page 199 *"As set forth below, the court finds that Plaintiff's RESPA and TILA claims should be dismissed."* Judge Bush on Page 199 of 4:11-CV-230 dismissed the defective pleading of Plaintiff's counsel, lawyer and former Eastern Texas Federal District Court Magistrate Judge Roger Sanders and co-counsel Michael Young for claiming damages based on criminal statutes 18 USC §§1341 and 1344.

Under the directions of this Court in Case 4:12-CV-375, Page 10-1 *"...the parties should note the different pleading standards in state and federal court..."* and *"...Federal Rule of Civil Procedure 9 sets forth heightened pleading requirements for certain matters...,"* only by filing Pro Se before this court was the Plaintiff able to correct the material defects of the previous pleading before this Court. Finally, in 4:11-CV-230, Page 203, the Honorable Judge Don D. Bush ordered *"...Plaintiff's RESPA and TILA claims against the remaining Defendants are dismissed with prejudices, and all other claims are dismissed without prejudice...."*

Defendants grossly misrepresent the claims of the Plaintiff who is seeking declaratory relief based on RICO fraud, deceptive trade practices based on the use of a hidden table funder and lender on the March 3, 2008 Deed of Trust and Promissory Note, multiple violation of State of Texas Business and Commerce, Local Government, Property, Corporate Licensing, Finance,

Mortgage and Trust statutes and numerous Federal Code violations of mail, wire, computer and interstate banking fraud along with civil rights violations (See Paragraphs 161-180 of Plaintiff's Original Complaint for specific declarations).

Plaintiff has stated in Paragraphs 1, 82, 83, 84, 88, 89, 93, 95-107, 109, 110, 112, 118-123, 125-129, 131-136, 138-144, 146-154, 158 and 160 with specificity the actions that violated either Federal or State Statues along with actions incongruent to law based on cases adjudicated in Federal and State Court.

Plaintiff's claims have been upheld by the courts of this State. Jane McCarthy vs. Bank of America, NA, BAC Home Loans Servicing, L.P. and Federal Home Loan Mortgage Corporation, Case 4:11-CV-356-A where it was ruled a separation of the Deed of Trust and the Promissory Note is illegal was adjudicated in the United States Federal District Court, Northern District of Texas, Forth Worth Division.

In Case 4:11-VC-356-A, Page 416, the Honorable Judge John McBryde opines *"the note made no reference to MERS. MERS purported to assign the note and deed of trust to BOA. However, MERS did not own the note, thus it could not assign the note, and its assignment of the deed of trust to BOA separate from the note was of no force or effect...."* This citation supports Plaintiff's plea for declaratory relief because of the illegal separation of the Promissory Note from the Deed of Trust. Thus, the Defendants having broken the Chain of Title to the property have committed bank fraud as defined in 18 USC §1344 as they have converted a secured financial instrument into an unsecured debt.

In his analysis of McCarthy, Judge McBryde declares and reaffirms *"As the United States Supreme Court so clearly explained approximately 140 years ago: The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries*

the mortgage with it, while an assignment of the latter alone is a nullity. *Carpenter v. Longan*, 83 U.S. 271, 274 (1872)...." Ibid. 419.

In case 4:11-VC-365-A, Pages 419-420 Judge McBryde cites "*Baldwin v. State of Mo.*, 281 U.S. 586, 596 (1930) (Stone, J. concurring); *National Live Stock Bank v. First Nat'l Bank*, 203 U.S. 296, 306 (1906); *Kirby Lumber Co. v. Williams*, 230 F. 2d 330, 336 (5th Cir. 1956); *In re Veal*, 450 B.R. 897, 916-17 (B.A.P. 9th Cir. 2011); *In re Vargas*, 396 B.R. 511, 516, (Bankr. C.D. Cal. 2008); *In re Leisure Time Sports, inc.* 194 B.R. 859, 861 (B.A.P. 9th Cir. 1996); *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619, 623 (Mo. Ct. App. E.D. 2009)*" in support of Carpenter v. Longan. The U.S. Supreme Court, lower Federal Appellate and District Courts or Bankruptcy Courts continue to uphold the illegality of separating a Promissory Note from Deed of Trust.

Judge McBryde ruled "*if the holder of the deed of trust does not own or hold the note, the deed of trust serves no purpose, it is impotent, and cannot be a vehicle for depriving the grantor of the deed of trust of ownership of the property described in the deed of trust. The sole purpose of the deed of trust is to secure payment of the note.*" Plaintiff pleads the breaking of the Chain of Title does damage to his person and property as the value of the property is rendered null and void. In irrevocably breaking the Chain of Title, all of the Defendants have conspired to separate the property from the Plaintiff and have rendered his investment a nullity and have caused Plaintiff damage under the illegal practice of peonage. Therefore, Plaintiff maintains standing and again prayerfully pleads to this Court for declaratory relief and remedy of damages under Federal Statutes 18 USC §1964, (RICO violations), 42 USC §1983 (Peonage Violations), and Amendments XIII and XIV of the United States Constitution (Civil Rights Violations – Involuntary Indentured Servitude) (See Paragraphs 1, 2, 3, 15, 112, 125, 128, 129, 139, 150, 154,

156, 157, 158, 159, 160, 162, 166, 171 and 179 of the Original Complaint for enumeration of Federal code violations).

In addition, Judge McBryde mentioned in "Memorandum Opinion and Order" in Case 4:11-CV-356-A, Page 420, *"The very, and sole, purpose of the deed of trust is to secure payment of the note."* Thus, Defendants have engaged, through their actions and inactions of Commonwealth Land Title Insurance Company, to conspire and commit bank fraud by transforming the secured Promissory Note into an unsecured financial instrument.

Plaintiff has enumerated, in Plaintiff's Original Complaint, the violations of State statutes and basis for declaratory relief in Paragraphs 83, 84, 95, 100-105, 107, 123, 127, 133, 135, 136, 143, 146, 147, 148, 150-153, 156, 164, 166, 167, 171, 173 and 179.

## II. <u>FACTUAL BACKGROUND</u>

The Defendants' Exhibit, Page 259, a Promissory Note for loan of $414,500 secured by a Deed of Trust executed on March 3, 2008 is a fraudulent document because of the following:

A. The address of the property is incorrect. Plaintiff, in two legally recognized Qualified Written Requests (See Plaintiff's Exhibit 301) notified GMAC Bank of the address error in the Deed of Trust. The property has always existed in Murphy Texas according to the Collin County Clerk Recorder's Office.

B. The address is a material defect because both the Cities of Plano and Murphy are located wholly in the jurisdiction of Collin County. There are names of streets that are common to both cities. This address error is material in clouding the Property Title and breaking the Chain of Title. Thus with a broken Chain of Title, as Judge McBryde so aptly stated in the case Jane McCarthy vs. Bank of America, NA, BAC Home Loans Servicing, L.P. and Federal Home Loan

Mortgage Corporation, Case 4:11-CV-356-A the Promissory Note is a nullity and is of no consequence.

C. The lender listed in the official Deed of Trust is Homecomings Financial, L.L.C., (See Plaintiff's Exhibit 397). Yet, the MIN Number on the official Deed of Trust which Mortgage Electronic Registration Systems, Inc (MERS) and MERSCORP, Inc. and its member banks use lists the original funder of the loan as Homecomings Wholesale Funding. Because the Deed of Trust is fraudulent, the Promissory Note is fraudulent.

The Attorneys perjure themselves by stating that the note is endorsed in blank. The note clearly states in Paragraph 1 that the Lender is Homecomings Financial, LLC. Surely the Attorneys for the Defendants and their clients are aware of the definition stated in Texas Business and Commerce Code §1.201(b)(5), "Bearer" means a person in control of a negotiable electronic document of title or a person in possession of a negotiable instrument, a negotiable tangible document of title, or a certificated security that is payable to bearer or indorsed in blank. Thus, this note can never be endorsed in blank as a payee of the Note is named in the note.

The Deed of Trust the Defendants present in "Exhibit E" of their motion is not a copy of the official Deed of Trust. Since Pinnacle Title has been bankrupt for several years and claims Attorney Shanna Cole for Commonwealth Title stated in an email sent to former attorney for the Plaintiff Roger Sanders on March 30, 2011 at 10:43AM that Commonwealth Land title could not *"access any of the agent's files or determine who may have access to* it." (See Plaintiff's Exhibit 310). Plaintiff declares that this may be one of many illegal copies of documents obtained by the Defendants at closing.

Plaintiff believes this it to be standard industry practice for defendants to appear in Court with fraudulent documents defrauding both the borrower and the Court. A copy of the official

Deed of Trust is attached (See Plaintiff's Exhibit 397). On the Defendants' exhibit nowhere is the existence of the Seal of the County Court of Collin County, Texas. Exhibit B is not a true copy of the original filed Deed of Trust, a copy of which is on file with the Collin County Clerk Recorder's Office.

The Defendants' Exhibit contains the indicia from Pinnacle Title stating that this instrument is a true and correct copy of the original which is not found on the official copy. The address portion states that the document is to be returned to Homecomings Financial in Minneapolis MN. The official Deed of Trust has the address stricken through with a handwritten note to return the Deed of Trust to "Pinnacle Title Co., 5020 Montrose Blvd. 3rd Floor, Houston, TX 777006."

In the top center of the first page of the official Deed of Trust, a bar code along with official filing information from the Collin County Clerk Recorder's Office is located. Beneath the barcode and associated information appears the statement "Filed by 0712270/to Pinnacle Title Co., L.P."

Plaintiff contends that none of the Defendants retained the official Deed of Trust thus breaking the Chain of Title and irrevocably separating the Deed of Trust and the Promissory Note. Presentations of a fake Deed of Trust along with written misrepresentations of an official order of a Federal Magistrate Judge demonstrate ample grounds to assume the copy of the Promissory Note is also a fake.

Thus, Defendants willfully engaged in fraud and deceptive trade practices in violation of several Texas Statutes most specifically Business and Commerce Code Section §17.45, Business and Commerce Code Section §9.207 and Business and Commerce Code Section §9.102(a)(12).

As Defendants cannot provide the Court with the wet-ink copy of the Deed of Trust and the Promissory Note, Plaintiff seeks declaratory relief and protection from creditors who in the

future may claim financial interest in the property. This request is in accordance with Texas Business and Commerce Code §3.309(b)(a). Because the Deed of Trust and the Promissory Note are not true facsimiles of the official documents, Plaintiff asks the Court to reject of the motion of Defendants.

Defendants claim in Paragraph 4 on Page 244 that "*MERS has the right to exercise any or all of those interests, including, but not limited to the right to foreclose.*" In Case 4:11-CV-356-A, Page 416, the Honorable Judge John McBryde opines "*the note made no reference to MERS. MERS purported to assign the note and deed of trust to BOA. However, MERS did not own the note, thus it could not assign the note, and its assignment of the deed of trust to BOA separate from the note was of no force or effect....*" The Washington State Supreme Court in the case of Bain (Kristin), et al. v. Mortgage Electronic Registration Systems, et al. Case Number 86206-1 opined in a unanimous decision on Page 3, "*The primary issue is whether MERS is a lawful beneficiary with the power to appoint trustees within the deed of trust act if it does not hold the promissory notes secured by the deeds of trust. A plain reading of the statute leads us to conclude that only the actual holder of the promissory note or other instrument evidencing the obligation may be a beneficiary with the power to appoint a trustee to proceed with a nonjudicial foreclosure on real property. Simply put, if MERS does not hold the note, it is not a lawful beneficiary.*"

This case and previous filings have always been about civil declaratory relief based on civil and RICO fraud. Plaintiff has always paid his mortgage obligation on time, under the advice of legal counsel, until the Defendants were notified that they were in default of the mortgage contract.

Plaintiff disputes the various line items in the HUD-1 Statement. See Paragraphs 31-35, 39,

41-45, 48-49, 54, 58-69 and 73 concerning questions raised before this Court on defects in accounting on the HUD-1 statement for the property in Murphy, Texas. Plaintiff calls attention to the correct address of the property on the HUD-1 Statement and the incorrect address on the official Deed of Trust (See Plaintiff's Exhibit 397).

Plaintiff notes several defects in the release of liens for the 2005 mortgages. The "Deed of Release" (See Plaintiff's Exhibit 396) and (Defendant's Exhibit D, Page 289), is improperly drafted in accordance with Texas Property Code §12.017 et seq. This "Deed of Release" was prepared by DOCX a known robo-signing corporation whose parent corporation, Lender Processing Services, LPS, shuttered the offices on April 12, 2010 because of multiple mortgage fraud lawsuits. LPS is still a member in good standing with Mortgage Electronic Registration Systems, Inc (MERS), MERSCORP, Inc. and the MERS System.

DOCX is not and has never been a "Title Insurance Company" nor an "authorized title insurance agent" in keeping with Texas Property Code §12.017(a)(7) and Texas Insurance Code §2561.001 et seq. The aforementioned Texas Property Code mandates that the "Affidavit as Release of Lien" or the Release of Lien must be executed by the title insurance company of record or an authorized agent and not the mortgage company or its beneficiary or agents.

The "Deed of Release" does not include the property description contained in the official Deed of Trust as required by Texas Property Code §12.017(d). The "Deed of Release" does not include the name of the affiant who is an officer in a "Title Insurance Company" or an agent thereof as described in Texas Property Code §12.017(d). The "Deed of Release" does not include the name of the Mortgagee. Mortgage Electronic Registration Systems, Inc. ("MERS") is listed as the lender although they have never owned the Promissory Note and are not the lender.

As is concluded in Case 4:11-CV-356-A, Page 416, the Honorable Federal District Judge

John McBryde opines *"the note made no reference to MERS. MERS purported to assign the note and deed of trust to BOA. However, MERS did not own the note, thus it could not assign the note, and its assignment of the deed of trust to BOA separate from the note was of no force or effect...."* The Washington State Supreme Court opined in Bain (Kristin), et al. v. Mortgage Electronic Registration Systems, et al. Case Number 86206-1 on Page 3, *"Simply put, if MERS does not hold the note, it is not a lawful beneficiary."*

Mortgage Electronic Registration Systems, Inc. (MERS) names itself as lender in violation of Texas Local Code §192.001 et seq., Texas Property Code §11.001 et seq., Texas Business and Commerce Code §3.104(a) et seq. and Texas Local Government Code §§92.001 and 193.003. By acting as a mortgage lender, banker or broker, Mortgage Electronic Registration Systems, Inc (MERS) violates Texas Finance Code §343.001(2)(A) et seq., Texas Finance Code §180.002 et seq., 11 SC §101(53D) and Title V of PL No. 110-289. The title company of record is Stewart Title Company which still exists. The official lender is GreenPoint Mortgage Funding, Inc.

Jimmy Gossett is not an officer of MERS but an employee of DOCX in Alpharetta GA. There are 832 miles from Alpharetta, GA to the Collin County Clerk Recorder's Office. It is very doubtful the document on file with the Collin County Clerk Recorder's Office is the original document notarized on the same date, March 13, 2008 in Alpharetta, GA. The Georgia Secretary of State Corporate Records show Mortgage Electronic Registration Systems, Inc. (MERS) as never registered in the state. Therefore, Jimmy Gossett, Assistant Vice President of Mortgage Electronic Registration Systems, Inc. (MERS) and Veronica Turner, Notary Public for Fulton County Georgia lied and perjured themselves on a public legal document. This "Deed of Release" does not include the amount paid to retire the lien on the property at 223 High Point Drive, Murphy Texas. Thus, this document is fraudulent.

The "Release of Lien" (Defendant's Exhibit D, Pages 290 and 291), and (Plaintiff's Exhibit 398) contain several defects. The official Deed of Trust lists the title company as Stewart Title Co. of Houston Texas and the lender as GreenPoint Mortgage Funding. In violation of Texas Property Code §12.017(a) et seq., Mortgage Electronic Registration Systems, Inc (MERS) issued the Release of Lien. Mortgage Electronic Registration Systems, Inc. (MERS) is neither a "title insurance company" nor agent for a title insurance company in the State of Texas (See the preceding two Paragraphs).

Mortgage Electronic Registration Systems, Inc. (MERS) has no offices located in the State of Iowa. Therefore, Ashley Johnson, Assistant Secretary of Mortgage Electronic Registration Systems, Inc (MERS) and H. Dahlgren, Notary Public for Black Hawk, Iowa lied and perjured themselves on this public legal document. This Release of Lien does not contain the legal description of the property. Thus, this Release of Lien is a fraudulent document based on prior statements pointing to the material defects.

The official Deed of Trust was filed on September 19, 2005 by Stewart Title Company, which is still in existence. Mortgage Electronic Registration Systems, Inc. (MERS) in naming itself as beneficiary violates Texas Local Code §192.001 et seq., Texas Property Code §11.001 et seq., Texas Business and Commerce Code §3.104(a) et seq. and Texas Local Government Code §192.001 and §193.003.  By acting as a mortgage lender, banker or broker, Mortgage Electronic Registration Systems, Inc (MERS) violates Texas Finance Code §343.001(2)(A) et seq., Texas Finance Code §180.002 et seq., 11 USC §101(53D) and Title V of PL No. 110-289. In the case of Bain (Kristin), et al. v. Mortgage Electronic Registration Systems, et al. Case Number 86206-1, the State of Washington Supreme Court opined on Page 3, "*Simply put, if MERS does not hold the note, it is not a lawful beneficiary.*"

Plaintiff questions the validity of Defendants' Exhibit E, Lender's Policy. On March 30, 2011, Shanna Cole, claims Attorney for Commonwealth Title Company, stated by email to Lawyer and former Magistrate Judge Roger D. Sanders, as lawyer for the Plaintiff in 4:11-CV-230, *"We also have not been able to access the agent's file or to determine who may have access to it."* (See Plaintiff's Exhibit 310). Plaintiff is unable to ascertain the original policy which is referenced in the HUD-1 statement as opposed to the Commonwealth Title additions. Plaintiff made six requests between April 28, 2008 and December 9, 2009 for a complete executed copy of the loan closing document file and title policy (See Plaintiff's Exhibits 295 – 300), and asked for said documents in two separate Qualified Written Requests, (See Plaintiff's Exhibits 301, copy of the QWR, 302 and 303 (GMAC Mortgage responses to the QWR).

Lawyer and former Magistrate Judge Roger D. Sanders noticed GMAC of their default on the mortgage contract on March 29, 2011 (See Plaintiff's Exhibit 312) after their non-responsive answers to the previously noticed demand letter. After receiving a demand for payment in April 2011, Plaintiff, on the advice of legal counsel, refused to pay because of material breach of the mortgage contract by GMAC Mortgage, L.L.C. and the unknown holder in due course of the Promissory Note. Lawyer and former Magistrate Judge Roger D. Sanders filed case 4:11-CV-230 in this Court on April 26, 2011. As of this filing, Plaintiff had never been in default of the Promissory Note. The cases filed in this Court and in the State District Court of Texas concern civil relief from damages as a result of fraud, deceptive trade practices and other illegal acts which led to destruction of the Chain of Title by the Defendants. Defendants have no legal basis for foreclosing after defaulting on this mortgage contract.

In McCarthy vs. Bank of America, NA, BAC Home Loans Servicing, L.P. and Federal Home Loan Mortgage Corporation, Case 4:11-CV-356-A, the Court rendered the separation of the

Promissory Note from the Deed of Trust renders both a nullity. Therefore, Plaintiff believes there can be no default by him based on legal documents Defendants have previously rendered null.

Contrary to the statements contained in Paragraph 6, Page 245 of Defendants' Motion to Dismiss, Defendant GMAC Mortgage, L.L.C. threatened Plaintiff with immediate foreclosure. Codilis and Stawiarski, acting as agents for GMAC Mortgage, L.L.C., threatened Plaintiff with immediate foreclosure in their initial letter to Plaintiff stating "The law does not require us to wait until the end of the thirty (30) day period before beginning the foreclosure procedure" (See Plaintiff's Exhibit 414). In this letter, Codilis identifies GMAC Mortgage L.L.C. incorrectly as the mortgagee. The identity of the mortgagee in the official Deed of Trust is currently unknown although there are claims from Homecomings Financial, L.L.C., Homecomings Wholesale Funding, Ally Bank f/k/a GMAC Bank and Fannie Mae. Contrary to the affirmations of Defendants, Plaintiff was indeed threatened with foreclosure. The agent, Codilis and Stawiarski, P.C., placed all foreclosure proceedings in abeyance after being notified of the filed Federal Complaint. They then notified Plaintiff of their unwillingness to respond to any future request (See Plaintiff's Exhibit 415).

### III.   LEGAL STANDARD

In Paragraphs 162 and 177-179 of the Original Complaint, Plaintiff clearly states that he is seeking declaratory relief for real damages in excess of $1,573,000, imposition of exemplary damages, attorney fees, and civil damages including estoppels based remedies provided by Texas Civil Practices and Remedies Code §§37.09, 38.001 and 41.001, Texas Business and Commerce Code §27.01, Texas Finance Code §§156.402(a) and 157.027, 18 USC §1964 and 42 USC §1983 because of the numerous Federal and State Statute violations outlined in Paragraphs 16-160

inclusive in Plaintiff's Original Complaint (See Plaintiff's Exhibit 416 for the summary of Federal Code and State Statute violations committed by each Defendant).

## IV.  **ARGUMENTS**

### A. Plaintiff Restatement Of A Plausible Claim For Quiet Title.

Plaintiff is seeking a Quiet Title due to willful fraud, deceptive trade practices and illegal acts accomplished individually, severally and conspiratorially by the Defendants in a RICO enterprise that destroyed the Chain of Title and rendered the value of the property at 223 High Point Drive, Murphy, Texas totally worthless because of the clouded title. See Paragraphs 88-89 for cites of the ruling in case 4:11-CV-356-A in which the Court upheld the US Supreme Court decision, Carpenter v. Longan, 83 U.S. 271, 274 which states *"The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while assignment of the latter alone is a nullity."* Furthermore, Federal District Judge McBryde cited Bellistri v. Ocwen Loan Servicing, L.L.C. in which the Missouri Court of Appeals ruled *"The mortgage loan becomes ineffectual when the note holder did not also hold the Deed of Trust."*

See Paragraph 95 for discussion of the desire of the State of Texas to preserve the Chain of Title by requiring all transfers and assignments of the Deed of Trust by being publically recorded if the initial Deed of Trust was publically recorded. See Paragraph 97 as to how the MERS System directly contravenes State Statutes and encourages members *not* to publically record transfers. Paragraph 107 discusses the legal requirement for timely public recording of transfers of the Deed of Trust. See Paragraph 128 for discussion of how the MERS System destroyed the Chain of Title. Paragraphs 131-136 detail concealing of the identity of the lender for this

mortgage.

See Paragraph 143 for discussion of the conspiracy of Homecomings Financial, L.L.C, Ally Bank f/k/a GMAC Bank, Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. using Homecomings Wholesale Funding as a RICO Fraud Enterprise to destroy the Chain of Title to Plaintiff's property. See Paragraph 145 for discussion of Fannie Mae as the investor in the Promissory Note. Because the public recording did not occur, Fannie Mae is not legally the holder of the note in due course.

Because of the closed nature of the MERS system, Plaintiff, without discovery, is unable to ascertain how many times the Promissory Note was illegally sold to any the 5000+ MERS Member organizations. Thus, because of mail, computer, wire and bank fraud along with violations of numerous state statutes, the value of the property has been reduced to zero dollars, ($0) and the title to the property has been irrevocably clouded by Defendants. Under the dictates of 18 USC §1964, 42 USC §1983, Texas Civil Practices and Remedies Code §§37.09, 38.001 and 41.001, Texas Business and Commerce Code §27.01 and Texas Finance Code §§156.402(a) and 157.027, Plaintiff has established the grounds for receiving a Quiet Title on his property.

The Plaintiff has maintained and improved the property at 223 High Point Drive, paid the property taxes and utility fees for the Defendants and made timely payments on the Promissory Note. The total of these items is enumerated to exceed $1,573,000 (See Paragraph 177 of Plaintiff's Original Complaint). Plaintiff has superior title in the property over and above the Defendants' whose investment of $894,649 is $678,351 less than that of the Plaintiff.   In accordance with the citing made by the Defendants on Pages 246 and 247; the ruling in Jane McCarthy vs. Bank of America, NA, BAC Home Loans Servicing, L.P. and Federal Home Loan Mortgage Corporation, Case 4:11-CV-356-A, Page 423 which found *"the mortgage loan became*

*ineffectual when the note holder did not also hold the deed of trust*," Plaintiff has demonstrated his superior title in the property at 223 High Point Drive. In support of his ruling in McCarthy, Judge McBryde cites on Pages 419-420 several US Supreme Court and Federal Appellate Court decisions. These cases are hereby included by reference.

Mortgage Electronic Registration Systems, Inc. (MERS) states unequivocally that it only has interest in the "Deed of Trust" and not the Promissory Note. Therefore, MERS cannot make any assigns or transfers of the Promissory Note or the Deed of Trust (See Jane McCarthy vs. Bank of America, NA, BAC Home Loans Servicing, L.P. and Federal Home Loan Mortgage Corporation, Case 4:11-CV-356-A, Pages 416 and 417). Thus, MERS aided others in destroying the Chain of Title when illegally recording the transfer the Promissory Note in its private databases while ignoring assignments of the Deed of Trust.

Washington State Supreme Court in Bain (Kristin), et al. v. Mortgage Electronic Registration Systems, et al. Case Number 86206-1 (2012), Page 3, ruled "*Simply put, if MERS does not hold the note, it is not a lawful beneficiary.*"

In Jane McCarthy vs. Bank of America, NA, BAC Home Loans Servicing, L.P. and Federal Home Loan Mortgage Corporation, Case 4:11-CV-356-A (2011) the plaintiff is awarded Quiet Title. In Bain (Kristin), et al. v. Mortgage Electronic Registration Systems, et al. Case Number 86206-1 (2012) plaintiffs have standing in the Federal Court to seek "*...injunctions to stop the foreclosures and sought damages under the Washington CPA, among other things.*" Ibid. 5.

McCarthy and Bain are appropriate application of case law to Plaintiff's Quiet Title request.


## 1. Plaintiff's Attack On MERS

The Attorneys for the Defendants do not acknowledge they have had, to Plaintiff's best

knowledge and belief, for six months or so, possession of Bates stamped copies of Plaintiff's 400+ Exhibits. The Attorneys for the Defendants are the same Attorneys in Case 4:11-CV-230. In that case, the Plaintiff has verbal and written assurance by lawyer and former Magistrate Judge Roger D. Sanders delivered Plaintiff's Exhibits to counsel for the Defendants in Case 4:11-CV-230 in March 2012. Present counsel is representing the same Defendants.

Defendants lied and perjured themselves in writing before this Court in using legal contortions and linguistic legerdemain to obfuscate the truth from this Court. The attack on Mortgage Electronic Systems, Inc. (MERS), MERSCORP, Inc. and the MERS System is with merit as it is based on violations of Texas Local Government Code §§192.001 and 192.007, 18 USC §1341, 18 USC §1343, 18 USC §1956(A)(i), 18 USC §1961 et seq. and numerous violations of Texas Finance, Local Government, Finance, Business and Commerce, Business Organization and Property Codes.

Case law used includes Jane McCarthy vs. Bank of America, NA, BAC Home Loans Servicing, L.P. and Federal Home Loan Mortgage Corporation, Case 4:11-CV-356-A (2011), Pages 416-417 states "*MERS did not own the note, thus it could not assign the note, and its assignment of the deed of trust to BOA separate from the note was of no force or effect*" and "*If the holder of the deed of trust does not own or hold the note, the deed of trust serves no purpose, it is impotent, and can not be a vehicle for depriving the grantor of the deed of trust ownership of the property described in the deed of trust. The sole purpose of the deed of trust is to secure payment of the note.*" Ibid 420. In case 4:11-CV-356-A (2011) cites on Pages 419-420 Carpenter v. Longan, 83 U.S, 271, 274 and other case law upholding the illegality of separating the Deed of Trust from the Promissory Note.

The Washington State Supreme Court emphatically states on Page 3 of Bain (Kristin), et al. v.

Mortgage Electronic Registration Systems, et al. Case Number 86206-1, Page 3, *"Simply put, if MERS does not hold the note, it is not a lawful beneficiary."* Mortgage Electronics Registration Systems, Inc (MERS) pleads prior cases that were not adjudicated based on the issues listed. (See Bain (Kristin), et al. v. Mortgage Electronic Registration Systems, et al. Case Number 86206-1, Pages 22-23) in which the Washington Supreme Court states *"MERS argues we should be guided by Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034 (9th Cir. 2011). In Cervantes, the Ninth Circuit Court of Appeals affirmed dismissal of claims for fraud, intentional inflection of emotional distress, and violations of the federal Truth in Lending Act and the Arizona Consumer Fraud Act against MERS, Countrywide Home Loans, and other financial institutions. Id. at 1041. We do not find Cervantes instructive. Cervantes was a putative class action that was dismissed on the pleadings for a variety of reasons, the vast majority of which are irrelevant to the issues before us. Id. at 1038."*

The Washington State Supreme Court rejects the use of Horvath v. Bank of N.Y., N.A., 64 F.3d 617, 620 (4th cir. 2011) stating on Page 23 *"There is no discussion in Horvath of any statutory definition of "beneficiary."* the Washington State Supreme Court states *"…MERS argues that their assigns are entitles to name it as their agent…."* Id. 24.  The Court on this matter concludes *"While we have no reason to doubt that the lenders and their assigns control MERS, agency requires a specific principal that is accountable for the acts of its agent. If MERS is an agent, its principals in the two cases before us remain unidentified."* Id. 24-25. The Washington State Supreme Court makes the following comments in its opinion, *"Unfortunately, we could find no case, and none more have been drawn to our attention, that meaningfully discuss a statutory definition like that found in RCW 61.24.005(2). MERS asserts that "the United States District Court for the Western district of Washington has recently issued a series*

*of opinions on the very issues before the Court, finding in favor of MERS..."* and *"...These citations are not well taken."* Ibid. 27

MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc. are required by Comptroller of the Currency "Cease and Desist Order, #2011-044, Page 8, 12 and 13 (See Plaintiff's Exhibit 325) to implement *"a comprehensive litigation strategy to effective manage lawsuits and legal challenges involving MERS and MERSCORP,..."* Thus, they publish their "Case Law Outline, March 2011" (See Plaintiff's Exhibit 150) and the "Litigation Digest" for the months of April 2011, May 2011, June 2011, July 2011 and August 2011 (See Plaintiff's Exhibits 275 - 279).

The citing from the cases of Athey v. MERS; Richardson v. CitiMortgage, Inc.; and Santarose v. Aurora Bank, FSB are from the Case Law Outline (See Plaintiff's Exhibit 150). Other cases cited can be found in the various "litigation Digests." As the Washington State Supreme Court ruled *"These citations are not well taken."* Id. 25. Whereas In McCarthy and Bain, courts in Texas and Washington ruled Mortgage Electronic Registration Systems, Inc. is no beneficiary.

In the instant case, Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc. and the MERS System facilitate the illegal splitting of the Deed of Trust from the Promissory Note and are the same issues in McCarthy and Bain. Thus, the attack is warranted.

## 2. Split Note Fact Has Been Repeatedly Upheld By Federal District And Appellate Courts

The destruction of the Chain of Title and clouding of the Property Deed was first codified in case law in Carpenter v. Longan, 83 U.S, 271, 274. National Live Stock Bank v. First Nat'l Bank, 203 U.S. 296, 297 (1906) states *"The endorsement and delivery before maturity of a note secured*

*by a chattel mortgage by the payee transfers not only the note but, by operation of law the ownership of the mortgage which has no separate existence....."*

*"The practical effect of splitting the deed of trust from the promissory note is to make it impossible for the holder of the note to foreclose, unless the holder of the deed of trust is the agent of the holder of the note...."* and *"The mortgage loan became ineffectual when the note holder did not also hold the deed of trust"* from Bellistri v. Ocwen Loan Servicing, LLC 284 S.W. 3d 623 (citation omitted).

In Jane McCarthy vs. Bank of America, NA, BAC Home Loans Servicing, L.P. and Federal Home Loan Mortgage Corporation, Case 4:11-CV-356-A, Page 423 *"the mortgage loan became ineffectual when the note holder did not also hold the deed of trust."*

The destruction of the Chain of Title destroys the Plaintiff's investment. A Quiet Title reestablishes the Chain of Title. The official Deed of Trust shows Homecomings Financial, L.L.C. as the lender of the Deed of Trust (See Plaintiff's Exhibit 397) while Fannie Mae claims the Promissory Note (See Plaintiff's Exhibits 187, 188, 199 and 317).  This is an illegal split of the Deed of Trust from the Promissory Note.

## B.  Plaintiff Pled His Fraud Allegations With Sufficient Particularity

In numerous cases before the Federal Appellate Courts and the United States Supreme Court, the common law fact of respondeat superior, Latin for "let the master answer," has been upheld in both civil and criminal cases, see United States v. Wise 370 U.S. 405(1962) and Burlington Industries v Ellerth, 524 US 742, 756 (1988).

The fraudulent documents which include Defendants' Exhibits A-E were not prepared in the presence of the Plaintiff. Plaintiff pleads on the grounds of respondeat superior liability in the

illegal and fraudulent acts committed by the agents of the Defendants. In the discovery process accorded both sides in this lawsuit, the particulars will become apparent. In Plaintiff's Original Complaint, the various corporations are named and their illegal actions are detailed in Paragraphs 99-102, 107, 110, 112, 119-123, 125-132, 138, 140, 141, 143, 146 and 150.

Plaintiff has identified the business entities involved, the approximate dates the fraud occurred, how the fraud occurred through the preparation and presentation of written documents intended to defraud him. The false representations include the real identity of the lender, the true identity of the actual holder, owner or holder in due course of the note and the willful destruction of the Chain of Title through separation of the Deed of Trust from the Promissory Note.

### 1. Plaintiff States A Plausible DTPA Claim.

Plaintiff has claim under Texas Business and Commerce Code §17.45(1) as he purchased property at 223 High Point Drive, Murphy, Texas. As defined by §17.45(4) of the same code, Plaintiff meets the definition of "Consumer." Defendants have misrepresented to the Court a re-financing of an existing mortgage as a "borrowing of money."

As the property at 223 High Point Drive, Murphy, Texas was never completely purchased by Plaintiff and the 2008 mortgage is a result of the refinancing of the original sale of the property from 2002, this is not a simple borrowing of money. Protection of the consumer is the intended spirit and letter of the Texas Deceptive Trade Practices Act.

### 2. Defendants Are Liable under Texas Business and Commerce Code §27.01

From 679 S.W.2d 592, 593, one reads "*At the trial below, the jury found that the appellees had been fraudulently induced by the misrepresentations of Smith, to guarantee the trustee loan,*

*but that greenway had not been a part of any conspiracy to defraud the appellees."* In Greenway

Bank & Trust of Houston v. Smith, Greenway did indeed only loan money to Smith in an

unsecured loan and Greenway secured separate guarantee agreements from North American

Resources Corporation. In the instant case, Plaintiff entered into a Deed of Trust and secured

Promissory Note agreement. Therefore, the Defendants did not "merely" loan money to the

Plaintiff, so Texas Business and Commerce Code §27.01 does indeed apply in the instant case.


**3. Plaintiff States A Plausible RICO Claim**

Bain and McCarthy upheld the illegality of splitting the Deed of Trust from the Promissory

Note. The continual acts of destroying the Chain of Title, willfully hiding the true identity of the

original lender, fraudulently releasing liens for which they are neither the lender, owner nor

holder in due course of the Promissory Note and willfully failing to publicly record transfer and

assignments of the Deed of Trust show a racketeering activity of at least five predicate illegal

acts that are related according to Anderson v. CitiMortgage, Inc., 2011 WL 1113494, *3(E.D.

Tex. Mar. 24, 2011) and St. Germain v. Howard, 556 F.3d 261, 263 (5th Cir. 2009).

Because MERSCORP, Inc., GMAC Bank, Homecomings Financial, L.L.C. and Mortgage

Electronic Registration Systems, Inc. utilized the OrgID of Homecomings Wholesale Funding in

the loan number, along with Commonwealth Title Insurance Company issuing a fraudulent

Lender's Title policy, conspired in using Homecomings Wholesale Funding as a RICO

Enterprise. See Plaintiff's Exhibit 372, in which Brian Davis, while an employee of

Homecomings Financial, supervised a team of 16 people that finalized hundreds of thousands of

loans a year for Homecomings Wholesale Funding.

Defendants are using a RICO Enterprise to perpetrate their fraud in accordance with Whelan

v. Winchester Prod. Co., 319 F.3d 225, 229(5th Cir. 2003). The Federal Appellate Courts have upheld the common law practice of respondeat superior liability in RICO cases, see Oki Semiconductor C. v. Wells Fargo Bank, 298 F.3d 768, 775-776 (9th Cir. 2002); United States v. Gold, 743 f.2d 800(11th Cir. 1984); United States v. Cincotta, 689 F.2d 238, 241-242 (1st Cir. 1982); and United States v. Automated Medical Labs., Inc., 770 F.2d 399, 407 (4th Cir. 1985). Whether the agents acted in benefit of themselves or not, the ultimate benefactor was the business entity for which they were employed. Thus, the corporate entity is liable for the misconduct of their agents, officers, and employees.

In keeping with Hecht v. Commerce Clearing House, Inc., C.A.2 (N.Y.) 1990, 897 f.2d. 21, 100 A.L.R. Fed. 655, Plaintiff has shown damage to himself and his property because of destruction of the Chain of Title, continual clouding of the Property Deed, illegal release of prior liens, willful hiding of the identities of the owner and holder of the note in due course and other acts violating Texas and Federal statutes.

Plaintiff has demonstrated in accordance with Standard Chlorine of Delaware, Inc. v. Sinbaidi, D.Del.1992, 821 F.Supp. 232 the use of Homecomings Wholesale Funding in destroying the Chain of Title, continually clouding the Property Deed, illegally releasing prior liens, willfully hiding the identity of the owner and holder in due course and committing acts violating Federal and Texas statutes, maintaining relationships between the Defendants and sharing data through the MERS databases, (nexus between Defendants and pattern of racketeering), have caused the value of the Plaintiff's investment to become null and void.

## C. Defendants Breached Contract And Were Placed In Default

In accordance with Wright v. Christian & Smith, 950 S.W. 2d 411, 412 (Tex. App. –

Houston [1st Dist.] 1997) (citing Hussong v. Schwan's Sales Enters, Inc., 896 S.W.2d 320, 326 (Tex. App. – Houston [1st Dist.] 1995, no writ), Plaintiff believed at closing the contract to purchase the residence at 223 High Point Drive, Murphy Texas was valid; he performed on the Promissory Note in Plaintiff's Exhibit 315 and Defendants breached the contract by hiding the true identity of the lender in the official 2008 Deed of Trust, Promissory Note and fraudulently releasing the first and second liens on the property and breaking the Chain of Title.

Plaintiff on advice from legal counsel stopped paying on the Promissory Note after the Defendants were notified by letter of their default and breach of the mortgage contract (See Plaintiff's Exhibits 312 and 313). Even after receiving notice of default and service of the Federal lawsuit, Defendant GMAC Mortgage, L.L.C. instigated foreclosure proceedings against Plaintiff in an apparent intimidation effort. These actions show Defendants' disregard of the rule of law concerning contracts (See Plaintiff's Exhibit 414). Therefore, Plaintiff's claim of breach of contract is proper and ripe for adjudication.

### D. Plaintiff States Plausible Claims Under Texas Finance Code §§156.001 and 157.001

Defendants materialized severally and collectively utilized information in the MERS System database (See Plaintiff's Exhibits 72-76 and 184) to defraud Plaintiff and offer rates based on an illicit "financial profiling" based on the location, payment record, time constraints to refinance and other named indices.

The Plaintiff's claims under Texas Finance Code §§156.001 and 157.001 et seq. and Title V of PL 110-289 are proper and valid. These statutes were enacted to guarantee a minimum nationwide standard, Federal standard and State standard for mortgagee qualifications to protect the residential consumer from the predatory nature of the residential mortgage industry and in

Texas insure knowledge of Property Codes §§11.011, 12.001, 13.002 et seq., Local Government Code §192.001 et seq. and Business and Commerce Code §9.203 by members of the mortgage industry.

Mortgage Electronic Registration Systems, Inc. (MERS) illegally acted as a nominee and a beneficiary for an unknown mortgage banker and willfully entered errors on the official Deed of Trust. Therefore, Plaintiff's claims for damages under Texas Finance Code §156.406 are ripe for adjudication. See *Bain*, Ibid and *McCarthy*, Ibid for Federal Court upholding the illegality of splitting the Promissory Note from the Deed of Trust (See Paragraphs 95, 98-102, 127, 130-135, 139, 143, 153-155, 171, 173 and 176 of Plaintiff's Original Complaint).


## E. Plaintiff Has Grounds For A Full Accounting

Plaintiff has justifiable cause for a full accounting based on RICO fraud claims, damages due to peonage, violations of Title V of PL 110-289 and various state statutes (See Plaintiff's Original Petition Paragraphs 166, 167, 169, 171, 173, 175, 176, 179 and 181). The depths of the fraud cannot be fully uncovered until a full accounting and judicial discovery process under Federal Court authority is instituted. In Defendants' Exhibit C, HUD-1 Statement, Commonwealth Title Insurance Company declares payouts to EMC Mortgage and Homecomings (Line items 104 and 105) yet, the release of liens are from Mortgage Electronic Registrations Systems, Inc. who is claiming payout. The lender listed in the official records of the 2005 mortgages is GreenPoint Mortgage Funding, Inc. The Defendants also charged the Plaintiff for title insurance for the lender but would not protect Plaintiff's interests by affording him title insurance. Because of the HUD-1 Statement defects (See Paragraphs 61-66 of Plaintiff's Original Complaint) a full accounting will likely uncover more fraud and illegal activity that

occurred sometime between September 2, 2005 and March 24, 2008.

## V.  CONCLUSION

Plaintiff has demonstrated through Federal case law, predominantly from the Appellate Courts, the foundation of his complaint against Defendants. Once the Deed of Trust is separated from the Promissory Note, *"the mortgage loan became ineffectual when the note holder did not also hold the deed of trust"* as was aptly stated in McCarthy, Case 4:11-CV-356-A, Page 423.

The legal nexus establishing claims on numerous violations of State and Federal Statutes which detail racketeering, mail, wire, computer and bank fraud, willful destruction of the Chain of Title, destruction of official public documents, clouding of the chain of title, transforming the secured Promissory Note into an unsecured financial instrument and the willful destruction of Plaintiff's investment in his homestead, Plaintiff does indeed have standing to pursue damages based on fraud in a real-estate transaction pursuant to Texas Business and Commerce Code §27.01 (b) and (e), for violation of Texas Finance Code §156.402(a), for violation of Texas Finance Code §157.027, for breach of contract pursuant to Texas Civil Practice and Remedies Code §38.001(8), economic and exemplary damages pursuant to Texas Civil Practice and Remedies Code §41.001, civil damages and estoppels pursuant to 18 USC §1964 and declaratory relief pursuant to 42 USC §1983.

For the reasons set forth above, Plaintiff requests that Defendants' Motion to Dismiss be denied, with prejudice, in its entirety and therefore, allow Plaintiff to have his day in Court.

Respectfully submitted,

Gregory C. Morse
*Pro Se* Plaintiff

223 High Point Drive
Murphy, Texas  75094
Telephone:  214-808-7028
Facsimile:  972-384-2491
Email:   pilot7503@yahoo.com

## Certificate of Service

I hereby certify that on the 1st day of October, 2012, I served a copy of the foregoing with the clerk of the Court and by United States Mail, Certified Return Receipt Requested prepaid and addressed to the following:

Hope T. Cannon (Bar No.  24077276)
Preston H. Neel (Bar No.  24072254)
Graham W. Gerhardt (Bar No.  24075698)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
Telephone:  (205) - 521-8000
Facsimile:  (205) - 521-8800
hcannon@babc.com
pneel@babc.com
ggerhardt@babc.com

Attorneys For Defendants Homecomings
Financial, LLC et al

Thad Barreneche
600 E. John W. Carpenter Freeway, Suite 125
Irving, Texas  75062
Telephone:  (972) - 281-0452
Facsimile:  (972) - 812-9408
thad.barreneche@fnf.com

Attorney For Commonwealth Land Title Insurance Company

Gregory C. Morse
*Pro Se* Plaintiff