**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| GREGORY C. MORSE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HOMECOMINGS FINANCIAL, L.L.C. ) | |
| GMAC MORTGAGE CORPORATION, ) | CIVIL ACTION NO.: 4:12-CV-375 |
| LLC, GMAC BANK (NOW ALLY ) | |
| BANK), MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., ) | |
| MERSCORP, INC., FEDERAL ) | |
| NATIONAL MORTGAGE ASSN. AND ) | |
| COMMONWEALTH LAND TITLE ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS DUE TO THE INTENTIONAL AND WILLFUL MISREPRESENTATIONS TO THE COURT REGARDING THE PRIOR ORDER OF DISMISAL ISSUED BY THE COURT**

**COME NOW** defendants Homecomings Financial, LLC ("Homecomings"), GMAC Mortgage, LLC[1] ("GMAC"), Ally Bank ("Ally"), Mortgage Electronic Registration Systems, Inc. ("MERS"), MERSCORP, Inc., and Federal National Mortgage Association ("Fannie Mae") (collectively, "Defendants"), and file this response, with supporting brief, in opposition to Plaintiff's Motion for Sanctions (Docket No. 52, previously filed as Docket No. 28). In support thereof, Defendants state as follows:

---

[1] GMAC Mortgage, LLC, was improperly named in the Petition, as formerly GMAC Mortgage Corporation.

I.  **INTRODUCTION**

1.      On May 18, 2012, Plaintiff filed this action in the District Court of the 199th Judicial District of Collin County, Texas (Cause No. 199-01915-2012). On June 20, 2012, Defendants removed this action to this Court. (See Docket No. 1). On August 20, 2012, Plaintiff filed an Amended Complaint. (See Docket No. 14). Defendants filed a Motion to Dismiss on September 10, 2012.[2] (See Docket No. 17). On October 1, 202, Plaintiff filed a reply to the motion to dismiss. (See Docket No. 19).

2.      Subsequently, Plaintiff filed a Motion to Compel (Dkt. 25) and Motions for Sanctions (Dkts. 26, 27, and 28). The motions were based on unsupported conspiracy theories, including some aimed at Plaintiff's former counsel, Roger Sanders, who represented this *pro se* Plaintiff in a prior related case.

---

[2] Homecomings and GMACM filed a Notice of Bankruptcy Filing and Supplemental Servicing Order on September 10, 2012 (Dkt. 16). As detailed in the Notice, on May 14, 2012, Residential Capital, LLC and certain of its direct and indirect subsidiaries (collectively, the "Debtors"), including Homecomings and GMACM, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408. The Debtors' Chapter 11 cases are being jointly administered and are indexed at case number 12-12020 (MG). As a result of the Bankruptcy Filing, the protections of the automatic stay codified in Section 362(a) of the Bankruptcy Code arose with regard to the Debtors.

As stated in the Notice, Plaintiff's declaratory judgment claim, to the extent it is an attack on the validity of the lien, is a "Permitted Claim" against Homecomings and GMAC that may proceed before this Court. Plaintiff's other claims, including claims for fraud, breach of contract, violations of the Rackering Influence and Corrupt Organizations Act, violations of the Texas Mortgage Broker License Act, violations of the Texas Mortgage Banker Registration and Residential Mortgage Loan Originator License Act and his request for an accounting are not Permitted Claims against Homecomings and GMACM, they remain subject to the automatic stay, and the continued prosecution of these claims is prohibited. Additionally, any claims for monetary relief against Homecomings and GMACM -- including claims for damages or requests for attorneys' fees and costs -- are not Permitted Claims and are stayed.

3. On January 11, 2013, Defendants filed responsive briefs (Dkts. 32, 33, 34, and 35) to Plaintiff's Motion to Compel (Dkt. 25) and Plaintiff's Motions for Sanctions (Dkts 26, 27, and 28).

4. On January 11, 2013, the Court entered an order setting a Scheduling and Status Conference on February 5, 2013 31, 2013 (Dkt. 38). The order stated that the Court would hear arguments on Plaintiff's Motion to Compel (Dkt. 25) and Plaintiff's Motions for Sanctions (Dkts 26, 27, and 28) at the Scheduling and Status Conference.

5. On January 28, 2013, Plaintiff requested a continuance of the Scheduling and Status Conference (Dkt. 44).

6. On January 31, 2013, the Court entered an order (Dkt. 45) granting Plaintiff's continuance, canceling the February 5, 2013 hearing, and dismissing Plaintiff's Motion to Compel (Dkt. 25) and Plaintiff's Motions for Sanctions (Dkts 26, 27, and 28) without prejudice.

7. On April 25, 2013, the Court entered a subsequent order (Dkt. 48) staying all discovery and pretrial matters pending the Court's consideration of Defendants' motion to dismiss and Plaintiff's response.

8. On August 13, 2013, United States Magistrate Judge Don Bush entered his Report and Recommendation (Dkt. No. 50). In his Report and Recommendation, United States Magistrate Judge Don Bush recommended

> that Defendant Commonwealth Title Insurance Corporation's Motion to Dismiss for Plaintiff's Failure to State a Claim (Dkt. 15) and Defendants Homecomings Financial, LLC ("Homecomings"), GMAC Mortgage, LLC ("GMAC"), Ally Bank ("Ally"), Mortgage Electronic Registration Systems, Inc. ("MERS"), MERSCORP, Inc., and Federal National Mortgage Association's ("Fannie Mae") Motion to Dismiss (Dkt. 17) be GRANTED and that all claims against Defendants Commonwealth Land Title Insurance Company, MERS,MERSCORP., Inc., Ally and Fannie Mae should be dismissed with prejudice for failure to state a claim, that any declaratory judgment action against Homecomings and GMAC be

3

dismissed with prejudice, that any claims against Homecomings Wholesale Funding be dismissed without prejudice pursuant to Rule 4(m), and that all remaining claims against Homecomings and GMAC be and remain STAYED pending the resolution of the bankruptcy proceedings.

(See Dkt. 50)

9. On August 28, 2013, Plaintiff filed an objection to the report and recommendation (Dkt. 51). Plaintiff also re-filed his Motions for Sanctions (Dkts. 52, 53, and 54) and Motion to Compel (Dkt. 55).

10. Plaintiff's Motion should be denied because it is devoid of any basis in law or in fact and was clearly frivolously filed. Moreover, the Plaintiff did not comply with the safe harbor requirements of Fed. R. Civ. P. 11 prior to filing the Motion. Finally, the motion should be denied because Judge Bush recommended in his Report and Recommendation that Plaintiff's claims be dismissed with prejudice for failure to state a claim. (See Docket No. 50).

## II.  ARGUMENT AND AUTHORITIES

### A. Plaintiff's Motion Should be Dismissed Because There Are No Misrepresentations Contained in Defendants' Motion to Dismiss.

Plaintiff alleges in his Motion that "Defendant's Attorneys . . . are attempting to use legal calisthenics and linguistic legerdemain to persuade the Court to dismiss Plaintiff's right to be heard on the matter of fraud concerning the mortgage on his property . . . ." (See Docket No. 28, ¶ 4). Specifically, Plaintiff is challenging the Defendants' summary of Plaintiff's prior case, Case No. 4:11-CV- 230, which was also pending before in the Eastern District and disposed of by Magistrate Judge Bush.

Plaintiff's Motion is based solely on his dispute of footnote 2 of Defendants' Motion to Dismiss (See Docket No. 17, fn. 2), which states that, "Plaintiff's previous lawsuit was filed in the Eastern District of Texas as Cause No. 4:11-CV- 230. On March 23, 2012, The Honorable

Don D. Bush entered a Final Judgment in Cause No. 4:11-CV-230 dismissing Plaintiff's federal question claims with prejudice and declining to exercise supplemental jurisdiction over the Plaintiff's state law claims." Plaintiff claims that the footnote is a "libelous misrepresentation of the facts" because "[a] reading of [the Order] shows that only the Plaintiff's Federal RESPA and TILA claims were dismissed with prejudice. All other federal claims were rejected not dismissed…." (See Docket No. 28, ¶7). Plaintiff's Motion, however, has no basis because footnote 2 contains an accurate description of the prior case and Plaintiff's assertions to the contrary are simply misplaced.

The Memorandum Order and Opinion Granting Motions to Dismiss (the "Order") in Cause No. 4:11-CV-230 (Docket No. 31) states as follows:

> the Court **grants Defendant's Motion to Dismiss as to RESPA and TILA claims**. Because RESPA and TILA are dismissed, the Court is left only with state law claims of fraud, breach of contract, violation of the Texas Mortgage Broker License Act, and violation of the Texas Mortgage Banker Registration and Residential Mortgage Loan Originator License Act, as well as his request for a declaratory judgment and an accounting. The Court declines to exercise supplemental jurisdiction over the remaining state law claims now that all of the federal claims against the moving Defendants have been dismissed.

The argument raised by Plaintiff completely misses the point that the only federal claims that were asserted by him in that prior lawsuit were his RESPA and TILA claims. Thus, there is nothing "libelous" or misleading about the Defendants' footnote which states that Plaintiff's federal claims were dismissed with prejudice. Obviously, the Court could not have (and did not) address any non-asserted federal claims. Thus, footnote 2 is clearly limited to the federal claims that were raised by Plaintiff in that prior action. Additionally, Plaintiff's Motion is wholly without merit because footnote 2 specifically refers this Court to the docket number and case number of the prior action and, thus, not only is the text of footnote 2 not a misrepresentation of

the prior order, but there can clearly be no intentional or willful misrepresentation by the Defendants.

Moreover, Plaintiff's Motion should be denied because the arguments he raises about footnote 2 are completely irrelevant to this Court's adjudication of Defendants' pending Motion to Dismiss because Defendants' Motion is not based on any judicial estoppels arguments. In fact, the only federal claim raised by Plaintiff in this case is a RICO claim, which Defendants have sought to dismiss simply because the claim contains nothing more than a recitation of the elements without any factual support. (See Docket No. 17, pp. 11-12).

### B. Plaintiff's Motion Should Be Denied Because Plaintiff Failed To Comply With the Safe Harbor Requirements of Rule 11.

Not only should Plaintiff's Motion for Sanctions be denied because it is devoid of any basis in law or fact, but it should be denied because Plaintiff failed to comply with the safe harbor provision of Rule 11 prior to filing his Motion with this Court. See Fed. R. Civ. P. 11(c)(2). Pursuant to Fed. R. Civ. P. 11(c)(2), a party moving for sanctions must first serve the motion to the non-movant and afford the non-movant 21 days to withdraw or correct the offense document, prior to filing the motion with the court. See e.g., Elliot v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995). If, and only if, the challenged document or pleading is not corrected or withdrawn by the non-movant within 21 days, may the motion for sanctions may be presented to the court. See id. In this case, Plaintiff failed to comply with the safe harbor provision. He did not serve the Motion on the Defendants prior to filing the Motion with the Court. Thus, Plaintiff's Motion for Sanctions is not only without merit, but is premature and should be denied for failure to comply with Rule 11(c)(2). See Modelist v. Miller, 445 Fed.Appx. 737, 742, fn. 3 (5th Cir. 2011).

6

In fact, not only should Plaintiff's Motion be denied, but Plaintiff should be admonished for filing this clearly frivolous Motion, a Motion which contains highly defamatory statements against Defendants and their counsel.  Indeed, a motion for sanctions is not something that should be filed lightly, such as Plaintiff has done in this case. Although Plaintiff is pro se, he should not be allowed to disparage Defendants or their attorneys in such a careless fashion. There can be no other explanation for Plaintiff's Motion other than that it was filed to harass and insult Defendants and their attorneys.  Plaintiff's Motion represents an abuse of the judicial process and a waste of this Court's and Defendants' time.  Thus, Defendants not only object to the Motion, but Defendants also request the Court enter a show cause order requiring Plaintiff to show cause as why sanctions should be awarded against Plaintiff under Rule 11(c)(1) for filing this frivolous motion.

WHEREFORE, PREMISES, CONSIDERED Defendants respectfully requests that this Court deny Plaintiff's Motion for Sanctions, enter a show cause order to  Plaintiff under Federal Rule 11(c)(1) and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

/s/ Preston H. Neel
Hope T. Cannon (Bar No. 24077276)
Preston H. Neel (Bar No. 24072254)
Graham W. Gerhardt (Bar No. 24075698)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
hcannon@babc.com
pneel@babc.com
ggerhardt@babc.com

ATTORNEYS FOR DEFENDANTS HOMECOMINGS FINANCIAL, LLC, GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MERSCORP, INC. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION

/s/ Chais L. Sweat
Chais L. Sweat
DYKEMA GOSSETT, PLLC
1717 Main Street, Suite 4000
Dallas, Texas 75201
Telephone: (214) 462-6400
Facsimile: (214) 462-6401
csweat@dykema.com

ATTORNEY FOR ALLY BANK

## CERTIFICATE OF SERVICE

       I hereby certify that on September 16, 2013, I served a copy of the foregoing via the Court's electronic filing system and also by certified mail return receipt requested and first-class U.S. Mail, postage prepaid, to the following:

Gregory C. Morse
223 High Point Drive
Murphy, Texas 75094

PRO SE PLAINTIFF

Ashley A. Smith
600 E. John W. Carpenter Freeway, Suite 175
Irving, Texas 75062
(972) 281-0452
(972) 812-9408 (fax)

ATTORNEY FOR COMMONWEALTH LAND TITLE INSURANCE COMPANY

                              **/s/ Preston H. Neel**
                              OF COUNSEL