**\*\*NOT FOR PRINTED PUBLICATION\*\***

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **GREGORY C. MORSE** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Case No. 4:12CV375** |
| | § | |
| **COMMONWEALTH LAND TITLE** | § | |
| **INSURANCE COMPANY, ET AL.** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE,
DISMISSING CLAIMS AGAINST DEFENDANTS COMMONWEALTH LAND TITLE
INSURANCE COMPANY, MERS, MERSCORP., INC., ALLY AND FANNIE MAE
WITH PREJUDICE, DISMISSING CLAIMS AGAINST HOMECOMINGS
WHOLESALE FINANCIAL WITHOUT PREJUDICE, DISMISSING DECLARATORY
JUDGMENT ACTION AGAINST DEFENDANTS HOMECOMING FINANCIAL, LLC
AND GMAC MORTGAGE, LLC WITH PREJUDICE, STAYING REMAINING
CLAIMS AGAINST DEFENDANTS HOMECOMING FINANCIAL, LLC AND GMAC
MORTGAGE, LLC, AND
DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND TO COMPEL**

Came on for consideration the report of the United States Magistrate Judge in this action,
this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28
U.S.C. § 636. On August 13, 2013, the report of the Magistrate Judge was entered containing
proposed findings of fact and recommendations that Defendant Commonwealth Title Insurance
Corporation's Motion to Dismiss for Plaintiff's Failure to State a Claim [Doc. #15] and
Defendants Homecomings Financial, LLC ("Homecomings"), GMAC Mortgage, LLC
("GMAC"), Ally Bank ("Ally"), Mortgage Electronic Registration Systems, Inc. ("MERS"),

MERSCORP, Inc., and Federal National Mortgage Association's ("Fannie Mae") Motion to

Dismiss [Doc. #17]  be GRANTED  and that all claims against Defendants Commonwealth Land

Title Insurance Company, MERS, MERSCORP., Inc., Ally and Fannie Mae be dismissed with

prejudice for failure to state a claim, that any declaratory judgment action against Homecomings

and GMAC be dismissed with prejudice, that any claims against Homecomings Wholesale

Funding be dismissed without prejudice pursuant to Rule 4(m), and that all remaining claims

against Homecomings and GMAC be and remain STAYED pending the resolution of the

bankruptcy proceedings [Doc. #50].

On August 28, 2013, plaintiff filed objections to the report and a notice regarding his

objections [Docs. #51 and 56].  On that same day, plaintiff also filed several motions for

sanctions against defendants' attorneys and a motion to compel regarding the production of

documents [Docs. #52, 53, 54 and 55].

On September 11, 2013, defendant Commonwealth filed responses to plaintiff's

objections and plaintiff's motions for sanctions [Docs. #61, 62 and 63].  On September 16, 2013,

defendants Homecomings Financial, LLC, GMAC Mortgage, LLC, Ally Bank, MERS,

MERSCORP, Inc., and Fannie Mae filed their responses to plaintiff's objections and response to

the motion to compel [Docs. #67 and 68], and, on September 23, 2013, they filed their responses

to the motions for sanctions [Docs. #69, 70 and 71].

The court has reviewed the report, the objections and responses, as well as the pleadings

relevant to this motion, as well as plaintiff's recently filed motions for sanctions and to compel,

and finds that plaintiff has not stated any claim here and is not entitled to any of the relief he

seeks.

2

Plaintiff has objected to the Magistrate Judge's characterization of his claims as arising out of a refinance of a mortgage.  Although the court finds that such characterization appears accurate based on the record before it, the Magistrate Judge's "Factual Background and Procedural History" section of his report and recommendations are not findings of fact in this matter and thus have no bearing on the ultimate finding that plaintiff has not stated any claims here.

Many of plaintiff's objections reference the Magistrate Judge's rulings in a prior suit, Cause Number 4:11cv230.  According to the record in that suit, plaintiff's prior suit was filed in this district based on federal question jurisdiction.  The Magistrate Judge (who presided over the case based on the consent of the parties) found that plaintiff's claims were ripe but dismissed plaintiff's federal claims for failure to state a claim.  The Magistrate Judge declined to exercise supplemental jurisdiction over plaintiff's remaining state law claims and dismissed those without prejudice to refiling.  Because Texas defendants were named and served in that suit, there was no diversity jurisdiction.

This suit was originally filed by plaintiff in state court but removed based on diversity jurisdiction.  No Texas defendants were named in this suit, and plaintiff has never challenged the court's diversity jurisdiction.  Whether a plaintiff has stated a particular claim, the matter at issue here, is a different inquiry from whether that claim is ripe, one of the matters apparently before the Magistrate Judge in plaintiff's prior suit.  To the extent plaintiff seeks reconsideration of the Magistrate Judge's findings in 4:11cv230 in his objections in this suit, such objections may not be properly raised before this court in this case.

Plaintiff also objects to the Magistrate Judge's findings that plaintiff's complaint fails to state claims for quiet title, fraud (including DTPA, Texas Business and Commerce Code and RICO), breach of contract, violation of the Texas Mortgage Broker License Act, Texas Finance Code § 156.001, et seq.; and violation of the Texas Mortgage Banker Registration and Residential Mortgage Loan Originator License Act, Texas Finance Code §157.001, et seq., and that plaintiff should take nothing by his claims for declaratory judgment and an accouting. Plaintiff makes various factual assertions in his objections but has not shown how those facts would alter the Magistrate Judge's findings.

To the extent plaintiff's objections attempt to specify the "other causes of action," which the Magistrate Judge recommended be dismissed for failure to state a claim, such claims are not stated in his complaint and the court declines to consider the blanket assertions made in plaintiff's objections as to what those "other causes of action" might be.

As the Magistrate Judge correctly noted, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). The court has reviewed plaintiff's amended complaint and agrees with the conclusion that no plausible claims have been asserted against defendants.

Plaintiff has also objected to the Magistrate Judge's recommendation that the claims against Homecomings Wholesale Funding be dismissed pursuant to Federal Rule of Civil Procedure 4(m). If a plaintiff has not effected proper service within 120 days of the filing of a complaint, the court may either dismiss the action without prejudice or allow additional time for

service.  FED. R. CIV. P. 4(m).  Upon a showing of good cause for the failure of service, the court

must extend the time for service.  *Id.*  Good cause is more than inadvertence, mistake of counsel,

or ignorance of the rules.  *See System Signs Supplies v. U.S. Dep't of Justice,* 903 F.2d 1011,

1013 (5th Cir. 1990).  The plaintiff must show excusable neglect, as well as establish good faith

and a reasonable basis for not serving the summons and complaint within the time allowed by the

rules.  *Id.*   Plaintiff's suit has been pending in this court for more than a year, and no summons

has been issued for, or served on, Homecomings Wholesale Funding.  Plaintiff's objections state

that defendant was represented by an attorney, Hope T. Cannon, in plaintiff's prior suit and that

he has demanded defendant's whereabouts from her.  Cannon has not made an appearance herein

on defendant's behalf, and her prior representation has no bearing on plaintiff's service of the

summons and complaint on defendant in this suit.  No good cause has been shown, and the court

agrees with the Magistrate Judge that the claims against defendant Homecomings Wholesale

Funding should be dismissed without prejudice.

The court next addresses plaintiff's objections to the Magistrate Judge's recommendation

that all claims other than plaintiff's declaratory judgment claim against defendants Homecomings

Financial LLC and GMAC Mortgage LLC be stayed.  On September 10, 2012, defendants

Homecomings Financial LLC and GMAC Mortgage LLC filed a Notice of Bankruptcy filing,

attaching a bankruptcy court order.  A filing of bankruptcy acts as an automatic stay of

continuation of judicial proceedings against a debtor.  11 U.S.C. §362.  In this case, defendants

have shown that the automatic stay was lifted for them to pursue certain permitted claims,

including plaintiff's declaratory judgment action against them [*see* Doc. #16].  Other than those

permitted claims, the bankruptcy stay must remain in effect.  Plaintiff cannot object to the

Magistrate Judge's findings in this regard.

Finally, the court finds that plaintiff's argument that Magistrate Judge Bush's rulings are the result of "potential diminished capacity, definite inattention to detail and potential judicial malfeasance" are baseless and without merit.  The report is more than 21 pages in length and thoroughly addresses plaintiff's pleadings herein.

To the extent plaintiff objects to the Magistrate Judge's stay of all pretrial and discovery deadlines in the case pending resolution of defendants' motions to dismiss, plaintiff was given leave to amend his complaint once, and did so, and did not seek leave to again amend it.  Plaintiff also did not seek reconsideration of the Magistrate Judge's April 26, 2013 order staying all activity in the case pending consideration of the motions to dismiss.  No discovery is necessary or considered by a court in the evaluation of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiff and defendants' responses, this court is of the opinion that the objections are without merit and that the findings and conclusions of the Magistrate Judge are correct.  The court therefore adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Defendant Commonwealth Title Insurance Corporation's Motion to Dismiss for Plaintiff's Failure to State a Claim [Doc. #15] and Defendants Homecomings Financial, LLC, GMAC Mortgage, LLC, Ally Bank ("Ally"), Mortgage Electronic Registration Systems, Inc. ("MERS"), MERSCORP, Inc., and Federal National Mortgage Association's ("Fannie Mae") Motion to Dismiss [Doc. #17] are **GRANTED**  and that all claims

against Defendants Commonwealth Land Title Insurance Company, MERS, MERSCORP., Inc., Ally and Fannie Mae are **DISMISSED WITH PREJUDICE** for failure to state a claim.

Further, the claims against Homecomings Wholesale Funding are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m).  Given this dismissal, plaintiff's Motion to Compel Responsive Answers to Questions, Explanation of Knowledge and Production of Documents Regarding Defendant Homecomings Wholesale Funding from Attorney Hope T. Cannon [Doc. #55] is **DENIED**.  Attorney Hope Cannon appeared for defendant Homecomings Wholesale Funding in Cause Number 4:11cv230.  However, she has made no such appearance here.  Service of discovery on an attorney representing a party in a prior suit is not the proper method to obtain information regarding service on defendant, and defendant has been dismissed without prejudice.

As to the claims against defendants Homecomings and GMAC, the declaratory judgment action against is **DISMISSED** with prejudice.  All remaining claims against Homecomings and GMAC are and shall remain **STAYED** pending the resolution of the bankruptcy proceedings.  Within thirty days of the resolution of the bankruptcy proceedings, defendants shall file a notice with the court so that the stay can be lifted and the court can adjudicate plaintiff's remaining claims against them.

Finally, the court has considered Plaintiff's Motion for Sanctions against defendants' attorneys [Docs. #52, 53 and 54] and defendants' responses.  The motions are **DENIED**.  It appears from the record that plaintiff failed to comply with Rule 11(b)(2)'s 21-day notice provision before the filing of the motions, and, given the finding that plaintiff has failed to state any claims, the court finds that plaintiff's allegations are not substantiated by law or fact and

sanctions are not warranted here.

So **ORDERED** and **SIGNED** on September  24 , 2013.

_____

Ron Clark, United States District Judge